ALLEN W. FIELD ET AL. v. NEBRASKA TELEPHONE COMPANY ET AL.

FILED SEPTEMBER 20, 1905. No. 13,907.

Taxation: BOARD OF EQUALIZATION: APPEAL: BILL OF EXCEPTIONS.
Under section 311 of the code, a bill of exceptions of the proceedings had before a county board of equalization may be settled and

approved by the presiding officer of such board; but the general provisions of this section, limiting the time in which the bill may be allowed and providing for notice on the adverse party, must be complied with.

ERROR to the district court for Lancaster county: ED-WARD P. HOLMES, JUDGE. *Affirmed.*

*A. W. Field* and *Tibbets & Anderson,* for plaintiffs in error.

*W. W. Morsman* and *Halleck F. Rose, contra.*

OLDHAM, C.

The plaintiffs in this cause of action, as taxpayers of Lancaster county, Nebraska, filed a complaint with the board of equalization of said county, objecting to the assessment for taxes for the year 1902 of the Nebraska Telephone Company as being too low. A hearing was had before the board, evidence taken, and a final judgment rendered by the board fixing the valuation of the company at $20,000. The complainants excepted to the judgment of the board, prepared a bill of exceptions, had the same settled and certified to by the chairman of the board, and filed a petition in error with the bill in the district court for Lancaster county. On motion of the defendants, the bill of exceptions was quashed by the district court, and the judgment of the board of equalization was affirmed, and to reverse this judgment plaintiffs bring error to this court.

In the brief filed by the plaintiffs in error, it is said: "If the bill of exceptions was properly quashed, then complainants are in no position to attack the action of the board of equalization; if not properly quashed, then the cause should be remanded to the district court for action on the merits of the case." With reference to the settlement of the bill of exceptions, it appears from the record that, before the adjournment of the board of equalization on July 10, 1902, an order was made giving the

complainants 60 days in which to settle a bill of exceptions; that two days after the expiration of this order, on September 10, 1902, the board of county commissioners extended the time for settling the bill of exceptions to September 21, 1902; that on the 20th day of September the bill was settled, without notice of any kind having been served upon the defendants. The bill of exceptions was attempted to be settled under section 311 of the code, which, so far as it is necessary to consider it, is as follows: "When the decision is not entered on the record or the grounds of objection do not sufficiently appear in the entry, the party excepting must reduce his exceptions to writing within fifteen (15) days, or in such time as the court may direct, not exceeding forty (40) days from the adjournment sine die of the term of court at which judgment is rendered or at which the motion for new trial is ruled on, and submit the same to the adverse party or his attorney of record for examination and amendment if desired. * * * Within ten days after such submission the adverse party may propose amendments thereto and shall return said bill with his proposed amendments to the other party, or his attorney of record. The bill and proposed amendments must, within ten days thereafter, be presented by the party seeking the settlement of the bill to the judge who heard or tried the case, upon five (5) days' notice to the adverse party, or his attorney of record, at which time the judge shall settle the bill of exceptions. * * * In cases where a party seeking to obtain the allowance of the bill of exceptions has used due diligence in that behalf, but has failed to secure the settlement and allowance of the same as herein required, it shall be competent for the judge who tried the cause, upon due showing of diligence, and not otherwise, to extend the time herein allowed, but not beyond forty (40) days additional to that herein provided, making such specific directions in that behalf as shall seem just to all parties. *Provided,* that any person or officer, or the presiding officer of any board or tribunal before whom any

proceedings may be had, shall, on request of any party thereto, settle, sign and allow a bill of exceptions of all the evidence offered or given on the hearing of such proceedings." The proviso with which this section closes was added to the section by amendment in the year 1895, plainly, as we think, for the purpose of making the provisions of the section applicable to inferior tribunals, officers and boards not included in the original section.

The contention of plaintiffs in error seems to be that the amendment of 1895 is an independent act, complete within itself, intended alone to govern the settlement of bills of exceptions in inferior tribunals, and that the general provisions of the act requiring the service of notice on the adverse party and limiting the time that may be allowed in the first instance to forty days have no application to bills of exceptions of proceedings from county boards and other inferior tribunals. With this contention we are unable to agree, for, if the act of 1895 is complete within itself and was intended as an independent act, it could not be passed as an amendment to section 311, *supra,* but must have been enacted under a separate title. As we view it, the amendment of 1895 is germane to the section to which it refers, and was simply intended to extend the provisions of the section to proceedings had in county boards and inferior tribunals. Thus considered, it should be interpreted as if the entire section as amended had been enacted at one time. The proper office of a proviso in a statute is to limit or qualify general provisions. The general provisions of the act require the bill of exceptions to be settled by the "judge who heard or tried the case," while the proviso added to the statute allows the bill to be approved by "any person or officer, or the presiding officer of any board or tribunal before whom the proceedings may be had." There is nothing, however, in the proviso qualifying the time in which the bill may be prepared or dispensing with the service of notice on the adverse party, as provided for in the body of the section. The right of a litigant to examine a bill of

exceptions which purports to contain all the evidence that was taken at the trial of the cause to which he is a party, and the privilege of suggesting amendments before the bill is settled and becomes conclusive of the facts therein recited, is a valuable right which should not be lightly denied; certainly not by the strained construction of the proviso of an act which, in itself, clearly recognizes and seeks to protect this right.

We therefore recommend that the judgment of the district court be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.