FRED GAYER, PLAINTIFF IN ERROR, V. H. W. PARKER & SON, DEFENDANTS IN ERROR.

1. **Res Adjudicata**: FORMER JUDGMENT. Ordinarily the test as to whether a former judgment is a bar to an action is to ascertain whether the same evidence will sustain both the present and the former action.

2. ———: ———. If different proof is required to sustain two actions, a judgment in one of them is no bar to the other.

3. ———: ———: CONVERSION. A furnished certain lumber and other material to one B, on a contract that B should purchase the lumber for a certain price or might return the same by paying a stipulated sum for the use thereof. The lumber and other material was left in the possession of C; whereupon A brought an action against C upon the contract, and failed in the action, judgment being rendered in favor of C. A thereupon brought an action against C for conversion of the lumber and other material. *Held*, That the former judgment was not a bar.

ERROR to the district court for Gage county. Tried below before BROADY, J.

*Pemberton & Bush*, for plaintiff in error, cited: *Stowell v. Chamberlain*, 60 N. Y., 272. *Miller v. Manice*, 6 Hill, 126. *Smith v. Baker*, 5 Moak's Eng. Rep., 323. *Doty v. Brown*, 4 N. Y., 75.

*Hazlett & Bates*, for defendants in error, cited: *Bigelow v. Winsor*, 1 Gray, 299. Wells Res Adjudicata, Sec. 289.

MAXWELL, J.

In the year 1883, one A. N. Wiswell procured from the defendants 12,000 feet of fencing lumber and other material, all being of the value of $260. The testimony shows that Wiswell desired the lumber for a temporary purpose, and had an option either to purchase it at a price stated, or return the material to the defendants and pay them $2 per thousand for the use of the lumber. There seems to have been some conversation between Wiswell

and the plaintiff in error in regard to purchasing the lumber, but just what the conversation or the proposed arrangement was is not clear. The lumber and material being on the plaintiff's land, he used the same, whereupon the defendants brought an action against him for goods sold and delivered. On the trial of the cause they apparently failed in their proof to show privity of contract between themselves and the plaintiff, and the jury found in favor of the plaintiff herein. This was so manifestly in accord with the testimony that no appeal was taken.

A second action was thereupon brought against the plaintiff herein for conversion of the material, and on the trial of the cause a verdict and judgment were rendered against him.

The principal defense relied upon is, a former adjudication in favor of the plaintiff, and therefore he is not liable.

It is said in the plaintiff's brief (p. 4): "In the case at bar the testimony showed that the defendant, Gayer, got the property in question and used it for his own benefit, changing its condition and character."

A former verdict and judgment are conclusive only as to the facts directly in issue, and do not extend to facts which may be in controversy, but which rest on evidence and are merely collateral. It must appear that the matter set up as a bar was in issue in the former case. The test as to whether the former judgment is a bar generally is, whether or not the same evidence will sustain both the present and the former action. *Clegg v. Dearden*, 12 Q. B., 576. *Crockett v. Routon*, Dudley, 254. *Hunter v. Stewart*, 31 L. J. Chane, 346. *Taylor v. Castle*, 42 Cal., 371. *Cannon v. Brame*, 45 Ala., 262. *Percy v. Foote*, 36 Conn., 102.

If different proofs are required to sustain the two actions a judgment in one of them is no bar to the other. Thus where the statute required an action of replevin to be brought in one year after the taking, a plaintiff defeated in

such action, because not brought within the requisite time, may still maintain trover for the conversion of the property. The evidence required in both cases not being exactly the same,—as in trover it is unnecessary to prove that the taking was within a year. *Johnson v. White,* 13 S. & M., 584.

If different proof be required to sustain two actions, a judgment in one of them is no bar to the other. *Kirkpatrick v. Stingley,* 2 Cart., 269. *N. E. Bank v. Lewis,* 8 Pick., 113. *U. S. v. Cushman,* 2 Sumner, 426. *Lawrence v. Vernon,* 3 Sumner, 20. Freeman on Judgments, 259.

In *Stowell v. Chamberlain,* 60 N. Y., 272, the plaintiff brought an action against the defendant for the wrongful conversion of bonds which he alleged he had loaned to him; judgment was rendered in favor of the defendant. A second action was thereupon brought by the plaintiff against the defendant to recover the value of the bonds, which he alleged the defendant had received and sold as his agent, but failed to account for the proceeds. The former judgment was pleaded as a bar to the action. The court held that the same evidence would not sustain both actions, and that the former judgment was not a bar.

In the case under consideration the former suit was based upon an alleged contract with the plaintiff. This contract he denied, and as there was no privity shown between the parties, that action failed. This action, however, is brought against the plaintiff to recover for lumber and material of the defendants which confessedly he has in his hands and has converted to his own use. He is liable, therefore, for the value of the material thus converted. The proof in the former action is not the same as in this, and that action is no bar. The judgment of the district court is clearly right, and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.