## UNITED STATES *v.* BLISS.

### APPEAL FROM THE COURT OF CLAIMS.

No. 394. Submitted December 12, 1898. — Decided January 3, 1899.

The appellee's testator contracted with the United States in 1863 to construct war vessels. Owing to changes in plan and additional work required by the Government, the time of the completion of the work was prolonged over a year, during which prices for labor and materials greatly advanced. Full payment of the contract price was made, and also of an additional sum for changes and extra work. In 1890 Congress authorized the contractor's executor to bring suit in the Court of Claims for still further compensation. The act authorizing it contained this proviso: " Provided, however, That the investigation of said claim shall be made upon the following basis: The said court shall ascertain the additional cost which was necessarily incurred by the contractors for building the light-draught monitors Squando and Nauset and the side-wheel steamer Ashuelot in the completion of the same, by reason of any changes or alterations in the plans and specifications required and delays in the prosecution of the work: Provided, That such additional cost in completing the same, and such changes or alterations in the plans and specifications required, and delays in the prosecution of the work, were occasioned by the Government of the United States; but no allowance for any advance in the price of labor or material shall be considered unless such advance occurred during the prolonged term for completing the work rendered necessary by delay resulting from the action of the Government aforesaid; and then only when such advance could not have been avoided by the exercise of ordinary prudence and diligence on the part of the contractors." *Held,* that the petitioner's right of recovery for advance in prices was limited to the prolonged term, and the Court of Claims could not consider advances which took place during the term named in the contract.

If a party neither pleads nor proves what has been decided by a court of competent jurisdiction in some other case between himself and his antagonist, he cannot insist upon the benefit of *res judicata,* and this, although such prior judgment may have been rendered by the same court.

ON August 22, 1863, Donald McKay contracted with the United States for the construction of the gunboat Ashuelot, the contract to be completed in eleven months from that date. On account of changes and additional work required by the Government, and other details for which it was responsible,

the completion of the vessel was delayed from July 22, 1864, to November 29, 1865, a period of sixteen months and seven days beyond the contract term. Full payment of the contract price was made and also of an additional sum for changes and extra work. On August 30, 1890, Congress passed an act, 26 Stat. 1247, c. 853, submitting to the Court of Claims the claims of the executors of Donald McKay for still further compensation. Such act contains this proviso :

" Provided, however, That the investigation of said claim shall be made upon the following basis: The said court shall ascertain the additional cost which was necessarily incurred by the contractors for building the light-draught monitors Squando and Nauset and the side-wheel steamer Ashuelot in the completion of the same, by reason of any changes or alterations in the plans and specifications required and delays in the prosecution of the work: Provided, That such additional cost in completing the same, and such changes or alterations in the plans and specifications required, and delays in the prosecution of the work were occasioned by the Government of the United States ; but no allowance for any advance in the price of labor or material shall be considered unless such advance occurred during the prolonged term for completing the work rendered necessary by delay resulting from the action of the Government aforesaid, and then only when such advance could not have been avoided by the exercise of ordinary prudence and diligence on the part of the contractors."

Under this act this suit was brought. Upon the hearing the Court of Claims, in addition to the facts of the contract, performance, time of completion and payment, found that —

" During the contract period of eleven months, and to some extent during the succeeding sixteen months and seven days, the Government made frequent changes and alterations in the construction of the vessel and delayed in furnishing to the contractor the plans and specifications therefor, by reason of which changes and delay in furnishing plans and specifications the contractor, without any fault or lack of diligence on his part, could not anticipate the labor, nor could he know the

kind, quality or dimensions of material which would be made necessary to be used in complying with said changes:

" While the work was so delayed during and within the period of the contract as aforesaid the price of labor and material greatly increased, which increased price thereafter continued without material change until the completion of the vessel sixteen months and seven days subsequent to the expiration of the contract period. The increased cost to the contractor as aforesaid was by reason of the delays and inaction of the Government and without any fault on his part:"

And rendered judgment in favor of the petitioner for, among other things, the increased cost of the labor and material furnished by him, consisting of two items of $12,608.71 and $14,815.66. From this judgment the United States appealed to this court.

*Mr. Assistant Attorney General Pradt* and *Mr. Charles C. Binney* for appellants.

*Mr. John S. Blair* for appellee.

MR. JUSTICE BREWER, after stating the case, delivered the opinion of the court.

No question is made except as to so much of the judgment as is for the increased cost of labor and material. The allowance for that is challenged under the clause of the act of 1890, " but no allowance for any advance in the price of labor or material shall be considered unless such advance occurred during the prolonged term for completing the work rendered necessary by delay resulting from the action of the Government aforesaid." The finding is that there was an advance in the price of labor and material during the contract term of eleven months, and that such increased price continued thereafter without material change during the sixteen months and seven days between the close of the contract term and the actual completion of the vessel. Of course, but for the act of August 30, 1890, no action could be maintained against the

Government. The statute of limitations would have been a complete defence. The petitioner's right, therefore, is measured, not by equitable considerations, but by the language of that statute. Beyond that the court may not go. If equitably the petitioner is entitled to more compensation, it must be sought by direct appropriation or further legislation of Congress.

It seems to us clear that the Court of Claims was not permitted to consider any advance in the price of labor or material during the term named in the contract, to wit, eleven months. Evidently Congress thought that the contractor took the risk of such advance when he signed the contract. The contract term is one thing; the prolonged term another. If Congress intended to allow for all advances in the price of labor or material at any time between the execution of the contract and the completion of the work, the proviso quoted was unnecessary. The fact that the proviso discriminates as to the term, an advance during which entitles to allowance, is conclusive upon the question. There are no terms to be distinguished except the contract term of eleven months and the subsequent prolonged term of sixteen months and seven days. Of course, no change in the price of labor and material after the work was finished could have been considered, and if Congress intended to either permit or forbid an allowance for any advance in the price of labor and material during the entire progress of the work, it was easy to have said so. That it qualified such a general provision by limiting it to a particular term, and that term one created by the action of the Government, excludes all doubt as to the meaning of the words "prolonged term." Obviously the petitioner himself understood that they refer to the period commencing at the time fixed in the contract for the completion of the work, for in his petition it is said that "during the term specified by the contract, and also through the prolonged term, there was a continuous rise in the prices of all labor and material entering into said vessel and machinery." He did not then doubt the meaning of the statute, and the only difficulty is that according to the findings of the Court of Claims his proof did

not establish all his allegations. We deem it unnecessary to follow the investigation made by counsel of the various proceedings before Congress to see if there cannot be disclosed some unexpressed intent on its part to authorize payment for every advance in the cost of labor and material. The language of the act is too plain to justify such investigation.

One other matter requires consideration : Attached to the record certified to us by the Court of Claims is a stipulation signed by the counsel for both parties, which stipulation commences in these words :

"It is hereby agreed by and between the parties to this cause that the following facts appear in the records of the Court of Claims, and that they may be added to the record in this cause and be treated upon the hearing with the same effect as if they had been included in the facts found by the Court of Claims."

This stipulation seeks to introduce into the record of this case the proceedings of the Court of Claims in another suit brought under the same act of 1890, by the same petitioner, to recover additional compensation for the construction of a vessel other than the one described in the present suit, and this notwithstanding that this court is, at least in other than equity cases, limited to a consideration of the facts found by the Court of Claims. This additional record contains the findings of facts in that case, the conclusion and judgment, which was in favor of the petitioner, and states that such judgment was not appealed from by either party. The tenth finding of fact reads as follows :

"The cost to the contractor because of the enhanced price of labor and material which occurred during the prolonged term for completing the work is $61,571.67. Said prolonged term resulted from the delays of the defendants. The exercise of ordinary prudence and diligence on the part of the contractor would not have avoided said enhanced price of material and labor.".

The final clause in this stipulation of counsel seeks to explain this tenth finding in this way :

"The $61,571.67 set forth in the tenth of the final findings

in the *Nauset case* (see X finding above) was composed of $24,634 enhanced cost after February 10, 1864, the expiration of the contract term for the construction of the Nauset, and the remainder, $36,937.67, was enhanced cost of labor and material furnished by Donald McKay within the contract term (June 10, 1863, to February 10, 1864), but the court did not separate the allowance in its findings."

Upon this the doctrine of *res judicata* is invoked to uphold the judgment. A sufficient answer is that neither by pleadings nor evidence were the proceedings in this other case brought before the Court of Claims in the present suit. If a party neither pleads nor proves what has been decided by a court of competent jurisdiction in some other case between himself and his antagonist, he cannot insist upon the benefit of *res judicata*, and this although such prior judgment may have been rendered by the same court. *Southern Pacific Railroad* v. *United States*, 168 U. S. 1, suggests nothing contrary to this, for there the prior judgment was offered in evidence, and the only question considered and decided by this court was the effect of an alleged failure to fully plead *res judicata*.

But further, not only did the petitioner fail to either plead or prove the former judgment, but also the record when produced disclosed that the court found that the advance in price was during the prolonged term. Counsel propose by stipulation to change that finding so as to make it show that part of the sum named therein was for the advance during the contract term, and the other part for the advance during the prolonged term. In other words, counsel seek without pleading or proof to use a prior judgment as *res judicata*, and also by stipulation to change the findings of fact which were made in that case. It is clear this cannot be done.

*The judgment of the Court of Claims will be reversed, and the case remanded to that court with directions to enter a judgment for the claimant, less the two amounts of $12,608.71 and $14,815.66, the increased cost of labor and material.*