CLAUDE E. REINSCH, APPELLEE, V. PACIFIC MUTUAL LIFE
INSURANCE COMPANY, APPELLANT.

299 N. W. 632

FILED JULY 25, 1941.   No. 31050.

*Kennedy, Holland, DeLacy & Svoboda,* for appellant.

*Gaines, McLaughlin, Shoemaker & Fitzgerald* and *Lawrence Fredericksen, contra.*

Heard before PAINE, CARTER and MESSMORE, JJ., and ELDRED and TEWELL, District Judges.

ELDRED, District Judge.

This is an action by Claude E. Reinsch against the Pacific Mutual Life Insurance Company of California to recover 36 monthly disability instalments of $200 each, being from December 17, 1936, to November 17, 1939, under a health and accident policy issued by said insurance company February 5, 1935.

Plaintiff, appellee, in his petition claims that he became totally and permanently disabled on the 17th day of August, 1935; that he duly paid the premiums required by said policy up to said date; and that said policy is and has been since its issuance in full force and effect. The policy, a copy of which is attached to the petition, among other things, provides:

"Part B. (1) The Company will pay indemnity at the rate of Two Hundred * * * Dollars per month (herein called initial monthly indemnity) throughout the period, not exceeding twelve months, that the disability described above, shall totally disable the Insured and prevent him from performing any and every kind of duty pertaining to his occupation; and after the payment of initial monthly indemnity for twelve months as aforesaid, initial monthly indemnity will be paid as long as the Insured shall be totally and continuously disabled and prevented from engaging in any and every occupation or employment for compensation, gain or profit."

The petition alleges that on the 27th day of November, 1937, in an action theretofore instituted by plaintiff against said insurance company, he recovered a judgment against

said insurance company for the payments accruing under said policy up to December 17, 1936, for the first year period; that no appeal was taken therefrom; and that said judgment has become final; and from the evidence it appears to have been satisfied.

Plaintiff alleges that his physical condition has not improved, but has grown worse; and that he is now and has been during the entire period totally and continuously disabled and prevented from engaging in any and every occupation or employment for compensation, gain or profit, and will be during the balance of his life.

The amended answer admits the issuance of the policy and the institution of the action on January 25, 1936, being the first action on said policy, and denies that the plaintiff is suffering from any disability which totally disables him and prevents him from performing any and every kind of duty pertaining to his occupation, and denies that during the period sued for the plaintiff was totally and continuously disabled and prevented from engaging in any and every occupation or employment for compensation, gain or profit. Further answering, defendant alleges, in substance, that since December 16, 1936, the condition of plaintiff's left hernia has changed for the better, and that during the time sued for herein plaintiff could have had his hernia cured by simple operation which would not endanger plaintiff's life or health, and that he wilfully and unreasonably refuses so to do.

Cause was tried to a jury, which resulted in a verdict for plaintiff for $7,851.60; judgment was entered thereon and for costs, including a fee for plaintiff's attorneys which was taxed at $1,000. Defendant has appealed.

Appellant in its brief assigns 34 alleged errors, but errors in giving of court's instructions numbered 3 and 5 are most strongly stressed. By instruction No. 3 the jury are told:

"The words 'totally and continuously disabled' do not mean that the insured must be rendered absolutely and totally unable to perform every duty of his occupation or employment for which he was fitted in order to recover. It is

sufficient in that respect if the insured is disabled by bodily disease from performing one or more of the necessary acts of his occupation or the employment for which he is fitted."

By instruction No. 5 the jury are told:

"On the other hand, if you find from a preponderance of the evidence that plaintiff is disabled by reason of his bodily condition, as shown by the evidence, from performing one or more of the necessary acts of his occupation or the employment for which he is fitted, then the plaintiff would be entitled to recover."

These two instructions are discussed together by appellant in its brief and will be likewise considered here. In both these instructions the appellant's criticism is directed to the clause found in the last sentence of each instruction, that is, "from performing one or more of the necessary acts of his occupation or the employment for which he is fitted." It is urged by appellant that, when the court used the words "one or more" in said instructions, it stated to the jury that, if the plaintiff was prevented from performing one act of his occupation or the employment for which he is fitted, he was totally and continuously disabled and prevented from engaging in any and every occupation or employment for compensation, gain or profit.

This identical question was considered by this court in *Miceli v. Equitable Life Assurance Society*, 138 Neb. 367, 293 N. W. 112, and decided adversely to appellant's contention. On motion for a rehearing in that case, in which counsel for appellants herein appeared *amici curiæ*, the question was again considered and there was a further opinion, wherein appears:

"Inability to do any act necessary for the transaction of the insured's usual business or vocation, which prevents the substantial and practical conduct or pursuit of such business or vocation, is, to us, inability to 'perform the substantial duties of a given occupation,' or 'to perform the substantial and material acts of his business or occupation in the usual way,' or 'to do all the substantial and material acts necessary to the prosecution of the insured's business or occupation in

his customary and usual manner.' ' It is not important how many individual acts—whether one or several—the insured is prevented from performing, but whether the thing or things which he is unable to do keep him from substantially and practically conducting or pursuing his previous business or vocation. If his ability to perform any such act or acts is thus impaired, then he is unable to do all the substantial and material acts necessary to the prosecution of his business or occupation in his customary and usual manner." *Miceli v. Equitable Life Assurance Society*, 138 Neb. 374, 294 N. W. 659.

Questions of like import have been before this court many times, and though language used varies in form, the holding has been uniformly in accord with the views expressed in *Miceli v. Equitable Life Assurance Society, supra.* See *Hamblin v. Equitable Life Assurance Society*, 124 Neb. 841, 248 N. W. 397; *From v. General American Life Ins. Co.*, 132 Neb. 731, 273 N. W. 36; *Gowe v. Mutual Life Ins. Co.*, 139 Neb. 1, 296 N. W. 163; *Oswald v. Equitable Life Assurance Society*, 128 Neb. 173, 258 N. W. 41; *Woods v. Central States Life Ins. Co.*, 132 Neb. 261, 271 N. W. 850; *Reinsch v. Travelers Ins. Co.*, 133 Neb. 249, 274 N. W. 572.

Appellant directs attention to distinction made in the provision of the policy involved in first suit for recovery of initial monthly indemnity during period of first twelve months, when it was only essential that the insured should be prevented from performing "any and every kind of duty pertaining to his occupation," while under the provisions now involved it was essential that he be prevented from engaging in "any and every occupation or employment for compensation,. gain or profit." This distinction appears not to have been overlooked on the trial of this case. Counsel recognized this distinction by the issues presented by the pleadings, and the trial court instructed the jury in the instant case, under the provisions of the policy on which suit was based, construing such provisions in harmony with the decisions of the court heretofore referred to.

It is stated in brief of appellant: "It is apparent that the

construction of the court entirely rewrites the policy." And it is urged that parties have a right to make contracts, and that where there is no uncertainty as to the meaning of an insurance contract, and the same is legal, it will be enforced as made—citing *Shambaugh v. Great Northern Life Ins. Co.,* 131 Neb. 415, 268 N. W. 288. That decision, when considered in the light of the facts there involved, is not authority in the instant case. There it was simply held that the disability of plaintiff did not fall within the terms of the policy. Provisions of an insurance policy such as involved in the instant case had been construed by this court prior to the time policy involved herein was executed. Such construction became a part of the contract. The policy sued on is dated February 5, 1935; the decision in *Hamblin v. Equitable Life Assurance Society, supra,* was announced May 12, 1933. "It is settled that the laws which subsist at the time of making a contract, and where it is to be performed, enter into and form a part of it, as if they were expressly referred to and incorporated therein. This principle embraces alike those which affect its validity, construction, discharge, and enforcement." *McWilliams v. Griffin,* 132 Neb. 753, 273 N. W. 209.

The further contention is made that construction of provisions of policy, by instructions 3 and 5 given the jury, entirely eliminates partial disability and makes partial disability total disability, and it is suggested such error was called to the court's attention by requested instruction. Nine only of the 24 requested instructions are set out in brief of appellant. Several of these purport to define in varying language the expression "total disability," in terms inconsistent with the construction adopted by the decisions of this court heretofore cited. Requested instruction No. 5 refers to the partial disability clause of the policy, defining it in words of policy; then this instruction, as well as a number of others, would have the court inform the jury, in effect, that, if it was found that plaintiff was partially disabled but not totally disabled, the verdict should be for the defendant. This is the effect of what the court did advise

the jury by instructions given. In none of the tendered instructions is the court requested to advise the jury that, if plaintiff was found to have been only partially disabled, he might recover partial liability benefits under the policy. No issue as to partial disability was presented by the pleadings. There was no occasion for the court to define that term. Plaintiff set out in his petition a clause of the policy on which he relied; alleged his total disability, and that it had existed during the entire period for which he was seeking to recover. The defendant did not, by its answer, raise an issue of partial disability. It is true the copy of policy which is attached to the petition contains the provision:

"(2) The Company will pay indemnity at the rate of one-half of the amount per month then being paid in accordance with paragraph (1) of this Part B, for any period or periods throughout which disability described above is not total, but consists of continuous inability to prosecute important daily business duties, provided that in each instance the period of such partial disability immediately succeeds a period of total disability for which indemnity is payable under the provisions of paragraph (1) of this Part B, and provided further that indemnity for such period or periods of partial disability will not be paid for more than a total of six months during any one period of disability."

There is no allegation in any of the pleadings making an issue thereunder or seeking to apply such provision to the facts in this case. Under the pleadings and evidence, plaintiff's entire case rested upon his having proved total disability. The court instructed the jury that the plaintiff could not recover unless total disability, as defined therein, was established. That, under the issues and evidence, was sufficient.

A number of requested instructions included in assignments of error, but not set out or commented upon, relate to the burden of proof. That subject appears to have been amply covered by the instructions given.

Error is assigned in giving instruction No. 6 to the jury, by which they were advised that the question of whether

the plaintiff should submit to an operation has been settled by the verdict and judgment in the former trial. The record in this case discloses that the issue covered by the instruction just referred to was directly raised in the former action between the same parties, on the same policy; the issue was presented by the pleadings in that case. It was submitted to the jury by the instruction of the court therein, and the verdict and judgment thereon determined that issue. There is no evidence in this case that there has been a change in plaintiff's physical condition since the former trial justifying the resubmission of that issue to another jury. Under the circumstances the former judgment is conclusive as to that question. *Lincoln Nat. Bank & Trust Co. v. Grainger,* 129 Neb. 451, 262 N. W. 11.

Instruction No. 6 having been properly given the jury, it follows that the court was correct in refusing to give requested instructions 9, 10 and 11 which asked the submission of the same question in this case.

Error is assigned in refusing to permit Dr. Brown, called as an expert witness, to give his opinion as to chances of success in case plaintiff would submit to an operation. The court having properly withdrawn that question from the consideration of the jury, there being no sufficient evidence of any change in the condition of plaintiff since former trial, there was no error in refusing to admit the proffered testimony.

Alleged misconduct on the part of the plaintiff's counsel in closing argument is assigned as error. The remarks objected to relate to testimony of a doctor on trial of former case on the same policy, with reference to an operation. If the remarks had related to a question for determination of the jury in the instant case, the remarks might have been prejudicial. Appellee's counsel suggest such remarks were made in response to remarks made by appellant's counsel during the argument. What the remarks of the appellant's counsel may have been, the record does not disclose, but from statement made by trial judge during the colloquy following the remarks complained of, it is apparent that appellant's

counsel had made some reference to the subject. Further, the question referred to was by the court's instructions withdrawn from consideration of the jury on this trial, and the jury were so advised at that time. Under the circumstances we conclude that the remarks objected to were not prejudicial.

Affidavits of Edward Devlin and Henry H. Childress were offered in evidence in support of motion for new trial on account of newly discovered evidence. The former was present and as a part of the foundation for admission of films in evidence he testified as to identity of person whose picture appeared in the film. According to affidavit of Henry H. Childress, he was also present at the trial, though he did not testify. The matter for which his testimony was desired was with reference to the same subject as that of the witness Devlin. The proposed newly discovered evidence would have been largely cumulative in character. There appears no reasonable probability that such evidence, if introduced, would have changed the result in this case. Application for new trial on the ground of newly discovered evidence is addressed to the sound judicial discretion of the trial court, and trial court may properly refuse such motion unless it appears that such evidence, if it had been offered and admitted on the trial, would probably have produced a different result. *Morrill County v. Bliss,* 125 Neb. 573, 251 N. W. 106; *Campbell v. Slater,* 127 Neb. 231, 254 N. W. 897.

Instruction No. 10 criticized, informed the jury the exact amount plaintiff should recover, including interest, in the event the jury found for the plaintiff. Under the issues and evidence and the instructions of the court, if the verdict was for the plaintiff, the plaintiff was entitled to recover the amount stated in the instruction, and the giving of that instruction, under such circumstances, was proper.

Appellant attacks the sufficiency of the evidence to sustain the verdict and finally contends that the verdict was so clearly wrong as to indicate it was the result of passion and prejudice. It appears that defendant employed an investigator and surveillant after the trial of the first case on

the policy involved herein, to investigate and observe the activities of plaintiff; that he conducted surveillance and took moving pictures of plaintiff on a number of different occasions; and on trial, in addition to producing films which were offered in evidence and shown to the jury, he testified in detail and at length as to the result of his surveillance. Many of the facts testified to by this witness were not denied by the plaintiff. He is shown by the testimony of the witness, Devlin, to have driven a car, done or assisted in family marketing at times, worked on and around his car, gone on an automobile trip and probably, on at least one occasion, changed a tire. On the other hand, there was evidence on behalf of the plaintiff tending to prove that plaintiff is afflicted with a left inguinal hernia; that it is irreducible and incarcerated; that there are adhesions; that at times he becomes nauseated and vomits, suffers frequent headaches and dizzy spells, and when on his feet has constant dull pain and drawing sensation in area of groin, which makes him nervous and irritable; that he does not have normal control of bowels and bladder, tires frequently and lies down; and that his condition is becoming progressively worse.

It is evident that a condition of total helplessness on the part of the plaintiff did not exist, but such a condition is not essential to a recovery. While the evidence as to the extent of plaintiff's disability is in sharp conflict, yet it is apparent that the character and extent of plaintiff's disability and the effect upon him was such that it might fairly be inferred therefrom that the plaintiff, during the period covered by this suit, was totally and continuously disabled and prevented from engaging in any and every occupation or employment for compensation, gain or profit, within the meaning of the insurance policy. The case was properly submitted to the jury and verdict of the jury based thereon should not be disturbed.

Appellant assigns error in the amount of attorneys' fees allowed by the trial court, but the matter is not further discussed. Considering the record in the case and the

amount involved, we conclude that the sum allowed was fairly within the discretion of that court.

All assignments of error have been examined and no prejudicial error appears. Appellee is allowed a fee of $300 for services of his attorneys in this court. Judgment of trial court is

AFFIRMED.