LUCY A. ADKISSON, APPELLANT, V. EDWARD A. GAMBLE ET AL., APPELLEES.

9 N. W. (2d) 711

FILED MAY 28, 1943. No. 31608.

*Wells C. Jones*, for appellant.

*Beatty, Maupin & Murphy, Zelma D. Derry* and *Beeler, Crosby & Baskins*, contra.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CARTER, J.

This is a suit to recover benefits under the workmen's compensation law for an accident alleged to have been suffered by plaintiff's husband in the course of his employment by the defendants. The trial court entered judgment for the defendants and plaintiff appeals.

While we are of the opinion that the evidence is insufficient to sustain a finding that an accident occurred within the meaning of the workmen's compensation law, or that plaintiff's husband was an employee and not an independent contractor, we are obliged to dispose of the appeal on other grounds.

Defendants have filed a motion to quash the purported bill of exceptions for the reason that it was not settled by the district court, or tendered to and approved by the defendants. We are aware of the uncertainty that has existed as to the proper manner of authenticating and settling a bill of exceptions in a case heard in the district court on the record prepared by the compensation court. We shall attempt to remove this uncertainty.

The case was first heard before one of the judges of the compensation court, who dismissed the petition. A rehearing was asked for before the three judges of the compensation court, which resulted in a similar order of dismissal. An appeal was thereupon taken to the district court. The bill of exceptions was properly authenticated and filed in the district court. After hearing the case the district court also found against the plaintiff and dismissed the action. Plaintiff thereupon appealed to this court. All proceedings on appeal are regular except that the bill of exceptions settled by the compensation court was filed here without being certified to, settled, and filed, as required by the general laws governing appeals in this state. The question is whether the evidence upon which the district court based its decision is properly before this court.

The controlling section of the statutes is section 48-174, Comp. St. Supp. 1941, which provides in part: "Any appeal from the judgment of the district court shall be pros-

ecuted in accordance with the general laws of the state regulating appeals in actions at law except that such appeal shall be perfected within thirty days from the entry of judgment by the district court."

The general law, section 20-1140, Comp. St. 1929, provides in part: "When the decision is not entered on the record or the grounds of objection do not sufficiently appear in the entry, the party excepting must reduce his exceptions to writing within forty days from the adjournment *sine die* of the term of court at which judgment is rendered or at which the motion for a new trial is ruled on, and submit the same to the adverse party or his attorney of record for examination and amendment if desired. * * * Within ten days after such submission, the adverse party may propose amendments thereto and shall return said bill with his proposed amendments to the other party or his attorney of record. The bill and proposed amendments must, within ten days thereafter, be presented by the party seeking the settlement of the bill to the judge who heard or tried the case, upon five days' notice to the adverse party, or his attorney of record, at which time the judge shall settle the bill of exceptions. * * * When settled, the bill must be signed by the judge with his certificate to the effect that the same is allowed."

Except for the change as to time in which the appeal shall be perfected, section 20-1140, heretofore quoted, provides the method of perfecting an appeal in a compensation case. *Fallis v. Vogel*, 137 Neb. 598, 290 N. W. 461. Consequently, a bill of exceptions must be prepared, served, settled and filed in accordance with the general statute on the subject. This the appellant has failed to do.

A bill of exceptions which has not been properly authenticated cannot be considered by this court. *Romberg v. Fokken*, 47 Neb. 198, 66 N. W. 282. A purported bill of exceptions which has not been served upon the adverse party and no opportunity given to suggest amendments does not meet the requirements of our statute. *Field v. Nebraska Telephone Co.*, 74 Neb. 419, 104 N. W. 932; *Shaw v. Diers Bros. & Co.*, 124 Neb. 119, 245 N. W. 419.

Without compliance with the statute this court is unable to tell whether the testimony and exhibits before us were considered by the district court, or if they constitute all of the evidence that was before the district court. Authentication by the proper officials of the district court is necessary to insure that all the evidence, and only that which was before the district court, is before this court on appeal. We do not infer that it is necessary to recopy the evidence where it is to be heard *de novo* on the record, but it is necessary that it be offered in evidence and again authenticated, served and filed in the district court in order that this court may know that it is the complete record of the evidence, rulings and exceptions made in the district court. The motion to quash the bill of exceptions is therefore well taken.

The basis of the appeal is the claim that the court erred in holding the evidence insufficient to sustain a judgment for plaintiff. With the bill of exceptions quashed, it must be presumed that the evidence supports the findings of fact made by the trial judge. The record shows that the final judgment was entered on December 30, 1942, during the October, 1942, term of court which adjourned February 1, 1943. The time having elapsed for preparing, serving, settling and filing a proper bill of exceptions, the presumption that the record supports the findings of the trial court becomes conclusive. As the pleadings support the judgment, the appeal under such circumstances must be dismissed. *Joyce v. Tobin,* 126 Neb. 373, 253 N. W. 413.

BILL OF EXCEPTIONS QUASHED
AND APPEAL DISMISSED.