FRANK HORN, APPELLANT, v. GOOCH FEED MILL COMPANY,
A CORPORATION, APPELLEE.

58 N. W. 2d 626

Filed June 5, 1953. No. 33362.

*Johnston & Grossman,* for appellant.

*Davis, Healey, Davies & Wilson* and *Robert A. Barlow, Jr.,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is a workmen's compensation case originally filed on April 30, 1952, by plaintiff, Frank Horn, a general laborer, against defendant, Gooch Feed Mill Company, a corporation, to recover for alleged permanent injuries suffered while in defendant's employ on October 15, 1950, when after working in and cleaning dust and refuse from feed pits plaintiff developed a severe rash or skin infection, which greatly improved under local medication but subsequently reappeared, grew increasingly worse, did not respond to medical treatment, and allegedly became a chronic, incurable, and permanent disability. Plaintiff also alleged that defendant had knowledge thereof on or about October 19, 1950.

Defendant admitted in its answer that on or about October 8, 1950, plaintiff had been working in feed pits for defendant, and that a rash appeared upon his skin which thereafter continued. Defendant then denied generally and alleged that if plaintiff suffered any disability, same arose from an inherent condition within

plaintiff not attributable to accident arising out of or in the course of his employment, or to occupational disease. Defendant also alleged that any claim of plaintiff was barred by reason of lapse of time, that no claim for compensation benefits was made within 6 months, and that more than a year had elapsed since plaintiff suffered any disability, either due to an inherent condition within plaintiff or otherwise.

The issues were first tried by one judge in the compensation court, where specific findings were made and plaintiff's cause of action was dismissed as barred by the statute of limitations. Plaintiff filed a request for rehearing, and upon rehearing before the three-judge compensation court it was found and adjudged on October 9, 1952, that the findings and order theretofore made dismissing plaintiff's cause of action was in all respects supported by the evidence and in conformity with law, thus should be sustained and affirmed, and that plaintiff's action should on rehearing be dismissed.

Thereupon plaintiff appealed to the district court where, after hearing, a decree was rendered which affirmed the order of dismissal on rehearing rendered by the Workmen's Compensation Court on October 9, 1952, and disallowed plaintiff's petition on appeal.

Plaintiff's motion for a new trial was overruled and he appealed to this court, assigning substantially that the findings of fact did not support the judgment and that the judgment was not supported by the evidence, but contrary thereto and contrary to law.

In that connection, pursuant to an appropriate motion filed herein by defendant to quash the bill of exceptions, this court sustained such motion and quashed the same upon the authority of Adkisson v. Gamble, 143 Neb. 417, 9 N. W. 2d 711, Ratay v. Wylie, 147 Neb. 201, 22 N. W. 2d 622, and Gilmore v. State, 148 Neb. 10, 26 N. W. 2d 296.

An examination of the judgment discloses that the findings of fact therein support the judgment. Plain-

tiff does not argue otherwise in his brief, but points. out that the only question for determination by this court is whether or not the plaintiff is barred from recovering compensation under section 48-137, R. R. S. 1943, for failure to file his petition within 1 year from the date of his injury.

As stated in Adkisson v. Gamble, *supra*: "With the bill of exceptions quashed, it must be presumed that the evidence supports the findings of fact made by the trial judge."

The controlling rule here is that: "Where on appeal in a compensation case from a judgment of the district court the record contains no bill of exceptions and the pleadings are sufficient to support the judgment, it will be affirmed." Ratay v. Wylie, *supra*. See, also, Adkisson v. Gamble, *supra;* Gilmore v. State, *supra*.

In other words, such cited cases are authority for the conclusion that in the absence of a valid bill of exceptions the sole issue presented for consideration on appeal to this court is whether or not the pleadings are sufficient to support the judgment.

An examination of the pleadings clearly discloses that they are sufficient to support the judgment. For reasons heretofore stated the judgment should be and is affirmed.

AFFIRMED.