STATE OF NEBRASKA EX REL. JAMES L. WEASMER,
COMMISSIONER OF LABOR, APPELLANT, V. MANPOWER
OF OMAHA, INC., ET AL., APPELLEES.

80 N. W. 2d 580

Filed January 18, 1957. No. 34046.

*Clarence S. Beck,* Attorney General, and *Richard H. Williams,* for appellant.

*Edmund R. Sturek*, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action in equity instituted by the State of Nebraska on relation of James L. Weasmer, Commissioner of Labor, relator and appellant, against Manpower of Omaha, Inc., a corporation, and Leo E. Ogle, respondents and appellees, the purpose of which was to enjoin the respondents from operating an employment agency without compliance with the statutes requiring employment agencies to obtain a license to operate such an agency.

The action was tried to the court, and at the conclusion of the evidence for the appellant, on motion of the appellees, the action was dismissed with prejudice. The ground of the dismissal was that the facts, questions, rights, matters, and issues had previously been adjudicated in another action between the parties. From the judgment of dismissal this appeal has been taken by the appellant.

The appellant as grounds for reversal asserts: (1) That the court erred in dismissing the action and in refusing to grant an injunction; (2) that the court erred in its holding that the questions, rights, matters, and issues had been previously determined and adjudicated; and (3) that the judgment was contrary to the law and to the evidence.

By fragmentary reference the record in this case calls the attention of this court to the case of State ex rel. Weasmer v. Manpower of Omaha, Inc., 161 Neb. 387, 73 N. W. 2d 692, decided by this court, which was a case between the relator here and the appellee, Manpower of Omaha, Inc. From this reference it becomes possible to take judicial notice of certain matters in that case. In the light of the matters of which judicial notice may be taken and the present record the follow-

ing appears to present the basis for the determination to be made in this case.

In the former case the relator on July 2, 1954, filed a petition wherein it was substantially charged that Manpower of Omaha, Inc., was at the time the petition was filed and prior thereto engaged in the maintenance and operation of an employment agency as defined by section 48-501, R. R. S. 1943, without first procuring or taking out a license therefor as required by law.

Manpower of Omaha, Inc., filed an answer in the case. By the answer maintenance and operation of an employment agency was specifically and generally denied. The question of whether or not Manpower of Omaha, Inc., was engaged in the maintenance and operation of an employment agency in violation of law was the only issue presented by the pleadings.

After the evidence had been adduced in that case a decree was rendered dismissing the petition. The dismissal was based upon a finding that Manpower of Omaha, Inc., was not an employment agency within the purview of the Nebraska statutes.

From the decree the relator therein appealed to this court. On the appeal this court was denied the right to review the facts upon which the decree was based because of the fact that no proper bill of exceptions was presented. This court had only the pleadings and the decree for consideration. The rule which was applied under the circumstances by this court is the following: "Where the record contains no authentic bill of exceptions or the bill of exceptions has been quashed, no question will be considered, the determination of which necessarily involves an examination of the evidence adduced in the trial court, and in such a situation, if the pleadings are sufficient to support the judgment, it will be affirmed." Dryden & Jensen v. Mach, 150 Neb. 629, 35 N. W. 2d 497. See, also, Adkisson v. Gamble, 143 Neb. 417, 9 N. W. 2d 711; Ratay v. Wylie, 147 Neb. 201, 22 N. W. 2d 622; Benson v. General Implement Corp.,

151 Neb. 234, 37 N. W. 2d 223; Horn v. Gooch Feed Mill Co., 157 Neb. 125, 58 N. W. 2d 626.

In application of this rule this court effectually found that there was no evidence to be considered in proof of the pleaded cause of action. It further effectually held that the denial in the answer of the allegations of the petition was sufficient to support the judgment. Accordingly the judgment was affirmed.

This is the theory upon which the opinion was written as is made clear by the following from the opinion: "Having examined the allegations of fact in the petition filed in the district court and the statutes in question it is our opinion that on strict construction of the statutes or otherwise, if the allegations of the petition were sustained by evidence sufficient in degree to support a decree, that the decree of the district court was erroneous.

"It appears that the acts charged against the respondent were violative of the clear, specific, and unambiguous language of both sections 48-501 and 48-502, R. R. S. 1943."

On January 3, 1956, the appellant herein filed the petition which was the basis of the commencement of this action. The petition is in all substantial particulars the same as the one in the former action with two exceptions. One is that Leo E. Ogle was named as an additional respondent. This however is of no significance in the determination of the questions presented. The other is that the petition substantially charges that at the time the petition was filed and prior thereto the respondents were engaged in the maintenance and operation of an employment agency as defined by sections 48-501 and 48-502, R. R. S. 1943, without first procuring or taking out a license therefor as required by law.

To the petition the appellees filed an answer. To the extent necessary to state its contents it specifically and generally denied that they were maintaining and op-

erating an employment agency as charged. It alleged that this case was predicated upon the same facts as the earlier case, in consequence of which the judgment in that case, which was affirmed by this court, is res judicata here, and therefore they were entitled to a dismissal of this action with prejudice. A cross-petition was also filed but it is of no concern at this time. A reply in the nature of a general denial was duly filed.

On the issues thus made the case came on for trial. The appellant adduced its evidence and rested. After the appellant rested the appellees moved for a dismissal on the ground "that the relator has wholly failed to sustain the burden to prove a cause of action, in that the evidence of the relator's case in chief very clearly and admittedly discloses that the ajudication (sic) previously made by this court in the case of the State of Nebraska on the relation of James L. Weasmer, Commissioner of Labor, Relator vs. Manpower of Omaha, Inc., Respondent * * * is a complete adjudication of the facts and issues involved in the case now at bar." The motion was thereupon taken under advisement. This occurred on March 15, 1956.

On April 20, 1956, the court sustained the motion to dismiss. It was from this order that the appeal was taken to this court.

The petition was, as has been pointed out, in all substantial particulars except as to date or time of acts charged, the same as those involved in State ex rel. Weasmer v. Manpower of Omaha, Inc., *supra*. In the opinion in that case it was held that if there was evidence sufficient to sustain the allegations of the petition it would be necessary to say that the relator had sustained the pleaded cause of action. In this case examination discloses that there is evidence sufficient to sustain the petition, hence there was no basis for sustaining the motion on the ground that the appellant had not sustained its evidentiary burden.

As to the question of whether or not the court prop-

erly sustained the motion on the ground that the question presented had been determined and adjudicated previously and was not subject again to trial, an answer is that at the time and under the circumstances of making, the motion was premature.

In Schroeder v. Homestead Corp., *ante* p. 43, 77 N. W. 2d 678, this court said: "The general rule is that a person relying upon the doctrine of res judicata as to a particular issue involved in the pending case bears the burden of introducing evidence to prove that such issue was involved and actually determined in the prior action." See, also, 30 Am. Jur., Judgments, § 283, p. 997; Wilch v. Phelps, 16 Neb. 515, 20 N. W. 840.

In the same opinion it was said: "Judicial notice will not be taken of a judgment in another suit as res judicata, whether in the same court or another court, when not pleaded or given in evidence." See, also, Pickens v. Coal River Boom Co., 66 W. Va. 10, 65 S. E. 865, 24 L. R. A. N. S. 354; United States v. Bliss, 172 U. S. 321, 19 S. Ct. 216, 43 L. Ed. 463.

In this case the appellees did not satisfy the burden imposed upon them of adducing evidence to prove that the issues presented in this case were involved and actually determined in the former case. Likewise there is nothing of which judicial notice may be taken since the judgment in the case was not "given in evidence."

In the present case the appellees adduced no evidence whatever. It is apparent that appellees are proceeding on the theory that the evidence of appellant demonstrates that the judgment in the former case is res judicata here in consequence of which the burden of appellees has been satisfied.

This theory cannot be accepted. From an evidentiary viewpoint there is nothing in the record here descriptive of the issues which were presented in the former case. The only legal information that this court has as to the existence of the former case comes through a stipulation or stipulations in the present record identifying

that case. The only legal knowledge that this court has as to the issues which were present flows from an examination of the records of this court based upon the identification thus made and the opinion written in that case. From the information thus obtained it must be said that the motion on the ground on which it was sustained was premature, it being without any evidentiary support.

Assuming however that the record is in such condition as to make proper a motion for dismissal on the ground that the former judgment was res judicata, the finding that it was so res judicata could find no support in the record which has come to this court.

It is of course true that any right, fact, or matter in issue directly adjudicated or necessarily involved in the determination of an action before a competent court in which a judgment or decree is rendered upon the merits is conclusively settled by the judgment therein and cannot again be litigated between the parties and privies whether the claim or demand, purpose, or subject matter of the two suits is the same or not. See, Reinsch v. Pacific Mutual Life Ins. Co., 140 Neb. 225, 299 N. W. 632; Glissmann v. Bauermeister, 149 Neb. 131, 30 N. W. 2d 649; Glissmann v. Orchard, 152 Neb. 500, 41 N. W. 2d 756.

Under this rule of course the matters and issues upon which the adjudication was made in State ex rel. Weasmer v. Manpower of Omaha, Inc., *supra,* became res judicata, the present effect of which is to say that no adjudication may be had on those matters and issues in the present case. On the other hand if the matters and issues here are not the same as those in that case the doctrine of res judicata has no application and the motion for dismissal was accordingly improperly sustained.

One rule for the determination of whether or not a judgment shall operate as res judicata is the following: "A judgment will not operate as res judicata unless it

appears on the face of the record, or is shown by extrinsic evidence, that the precise question was raised and determined in the former suit." O'Connor v. Abbott, 134 Neb. 471, 279 N. W. 207.

Another rule is the following: "Whether a former judgment is a bar to an action ordinarily depends on whether the same evidence will sustain both the present and the former action, and when it appears that different proof is required, a judgment in one of them is no bar to the other." Boomer v. Olsen, 143 Neb. 579, 10 N. W. 2d 507. See, also, Gayer v. Parker & Son, 24 Neb. 643, 39 N. W. 845, 8 Am. S. R. 227.

In this case it does not appear on the face of the record, and it has not been shown by extrinsic evidence, that the precise question or questions presented here were raised and determined in the former suit. Also it does not appear that the same evidence would sustain the two actions.

It is clearly evident from the two petitions that in at least one respect the evidence would of necessity have to be different. The first action was based upon a declaration of illegal action of appellee on and prior to July 2, 1954, whereas the present action is based upon a declaration of illegal action of appellees on and prior to January 3, 1956. On the face of the charge in the latter action it could reasonably be said that reference was to action on and prior to July 2, 1954, but on the record made by the evidence it was pointed out that the reference was to the time after July 2, 1954. It is but the statement of a truism to say that proof of acts taking place on or before July 2, 1954, would not be the same as proof of acts taking place after that date.

The fact that the evidence at the trial in the former case may have been of the same kind or character but related to a different time than that involved in the present case could not cause the judgment in that case to become res judicata here. Conceivably in a proper case and under proper circumstances it could call for

application of the doctrine of stare decisis but not the doctrine of res judicata.

It should be pointed out here, if it is not already apparent, that the finality of the judgment on which the appellees rely resides in the opinion of this court in State ex rel. Weasmer v. Manpower of Omaha, Inc., *supra.* In that opinion by specific declaration it was pointed out that the petition stated a cause of action which if proved would entitle the relator to the relief prayed. The question of fact from the standpoint of evidence adduced at the trial was not and could not be reviewed because of the fact that no proper bill of exceptions had been presented to this court. In consequence of this the sole question upon which the determination depended was that of whether or not the pleadings supported the judgment. This was on the well-established rule previously quoted herein from the opinion in Dryden & Jensen v. Mach, *supra,* as follows: "Where the record contains no bill of exceptions or the bill of exceptions has been quashed, no question will be considered, the determination of which necessarily involves an examination of the evidence adduced in the trial court, and in such a situation, if the pleadings are sufficient to support the judgment, it will be affirmed."

The effect of that judgment, in the light of the answer in that case, was to say only that the respondent was entitled to a judgment based upon a conclusive presumption that the findings of the trial court were supported by the evidence. See Adkisson v. Gamble, *supra.* The presumptive finding was, as is clear, that the evidence failed to support the cause of action pleaded which related to the period prior to and including July 2, 1954.

This could not be regarded as a bar to the right to a trial upon a pleaded cause of action arising after July 2, 1954.

The trial court therefore erred in sustaining appellees' motion and in dismissing appellant's action. Accordingly the judgment is reversed and the cause remanded

for a new trial on the issues presented by the pleadings.

REVERSED AND REMANDED.

CARTER and BOSLAUGH, JJ., concurring in the result.

We concur in the result in the foregoing case. We do not agree with certain statements appearing in the opinion of the majority.

The record shows that in a previous appeal to this court the judgment of the district court holding against the relator was affirmed. State ex rel. Weasmer v. Manpower of Omaha, Inc., 161 Neb. 387, 73 N. W. 2d 692. In that opinion it was adjudicated that under the facts pleaded the relator was not entitled to an injunction. A new action was commenced alleging that on occasions subsequent to the final determination of the former case the respondent has violated sections 48-501 and 48-502, R. R. S. 1943. The respondent alleged, in addition to a general denial, that the present case is predicated on the same facts as the earlier case and that the judgment in the former case is res judicata of the issues here presented. At the close of relator's case the trial court sustained a motion to dismiss relator's petition for the reason that the previous case completely adjudicated the issues raised in the second case. This was error, as the majority holds, for the reason that the issue of res judicata must be established by evidence. The respondent having introduced no evidence to establish res judicata, there was no basis for the court's order dismissing relator's petition. Assuming that respondent could establish res judicata by evidence, the ruling of the court was premature. On this basis we concur in the result. We submit that this is the point where the opinion should be concluded.

We disagree with that part of the opinion holding that a judicial determination of acts committed prior to July 2, 1954, may not be res judicata of identical acts committed after January 3, 1956. Our reasons for so doing are two. First, it is not an issue presently before the court and is, therefore, obiter dictum. Second, it

is not a correct statement of the law. The first reason has been adequately explained and we shall devote no further space to it. With reference to the second reason, we adopt the following as a concise statement of our views: "Speaking broadly, the rule of res judicata means that when a court of competent jurisdiction has determined, on its merits, a litigated cause, the judgment entered, until reversed, is, forever and under all circumstances, final and conclusive as between the parties to the suit and their privies, in respect to every fact which might properly be considered in reaching a judicial determination of the controversy, and in respect to all points of the law there adjudged, as those points relate directly to the cause of action in litigation and affect the fund or other subject matter then before the court. And under some circumstances, a judgment will, in certain respects, so establish the legal status of an object or person directly involved in a suit as to bind all parties who may subsequently deal with it or him, even though those thus dealing may have had no connection with the litigation in which the judgment was entered. Issues of fact actually determined in a prior suit, and also those which were relevant subjects for determination therein, cannot be re-examined in a subsequent legal proceeding, between the same parties or their privies, involving the identical cause of action formerly tried. Even where the cause of action in a pending suit is not identical with that previously litigated between the parties, all relevant issues of fact that were actually raised in the prior litigation are res judicata between the parties and their privies,- though, under such circumstances (that is, where the second suit turns on a different cause of action) issues which might have been, but were not, raised and determined in the prior suit, are not accounted in law as res judicata. Finally, the rule of res judicata holds good not only in the court which rendered the judgment in question, but in other tribunals where the same facts or points of law may

later be directly at issue." Moschzisker on Stare Decisis, Res Judicata and Other Selected Essays, p. 32.

It is our position, under the general rules governing the doctrine of res judicata, that the pleading and proof of similar factual situations though occurring at subsequent times do not preclude the defense of res judicata. The doctrine of res judicata affects principally issues of fact. If an issue of fact has been finally determined, the doctrine of res judicata applies to it. Identity of parties or their privies and identity of causes of action are sufficient to invoke the doctrine. It has been said that for the purposes of res judicata there is identity of causes of action when in both the old and new proceedings the subject matter and the ultimate issues are the same.

It is fundamental that facts litigated in civil actions are not res judicata in subsequent criminal proceedings, and vice versa. Hahn v. Bealor, 132 Pa. 242, 19 A. 74; Stone v. United States, 167 U. S. 178, 17 S. Ct. 778, 42 L. Ed. 127. The reason for this is obvious. Usually the parties are not the same and what is more important still as between criminal and civil cases, different standards of evidence and proof are involved. This is a complete answer to the assertion that statutory violations cannot be tolerated and permitted by invoking the doctrine of res judicata in civil actions. We submit further that the doctrine of stare decisis can have no application in a case such as we have here. In any event, it is not a doctrine binding upon the courts. It is used to expedite the work of courts by preventing the constant reconsideration of settled questions. It has no application where, as here asserted in the opinion of the majority, there has been no final adjudication in the former case.

We therefore submit that the question as to whether or not the doctrine of res judicata is a defense in the present case is not before the court and that the discussion of that subject by the majority opinion is obiter

dictum. We submit also that the discussion of the subjects of res judicata and stare decisis as they relate to the present case find no support under the general rules of law applicable to such subjects. We submit further that the holdings of this court support the view we have herein expressed. If there be applicable exceptions to such rules, they should be cited. Incorrect statements of law in an opinion, although they may be properly classified as dicta, can only tend to mislead in the subsequent trial of the case.