305 F.2d 245
 Allen W. KRONE, Ruth Krone and Ruth L. Shelley, Appellants,
v.
Patrick J. LACY, Melba V. Lacy, Elsie F. Heidemann, Marion G. Heidemann, Ruth K. Heidemann, Llera A. Nott, Gardner A. Nott, Bernard G. Heidemann, Edward Paul Heidemann, Patsy Heidemann, Harold R. Heidemann, and Elda Heidemann, Appellees.
 No. 16932.
 United States Court of Appeals Eighth Circuit.
 August 8, 1962.
 Rehearing Denied September 28, 1962.
 
 1
 Floyd E. Wright, Scottsbluff, Neb., and Russell A. Moore, Wichita, Kan., for appellants, and Robert G. Simmons, Jr., and James R. Hancock, Scottsbluff, Neb., on brief.
 
 
 2
 Ivan Van Steenberg, Jack H. Myers, George P. Burke and Thomas D. Brower, Kimball, Neb., on brief, for appellees.
 
 
 3
 George P. Burke, Kimball, Neb., for appellees except Lacys.
 
 
 4
 Before VOGEL and RIDGE, Circuit Judges, and DEVITT, District Judge.
 
 
 5
 DEVITT, District Judge.
 
 
 6
 In this appeal from the order of the District Court granting appellees' motion for summary judgment, the sole question is as to the correctness of the trial judge's view that the issue raised is res judicata by virtue of the decision of the Nebraska Supreme Court in a similar action between the same parties.
 
 
 7
 This action is for damages for the alleged breach of an agreement to transfer oil royalties. The requisite diversity of citizenship and amount in controversy are present.
 
 
 8
 In a similar action between the same parties brought under the Nebraska Declaratory Judgments Act, the Supreme Court of that state, in affirming the state trial judge in his grant of the motion by defendants (appellees here) for summary judgment, held that an entirety clause in an oil and gas lease ran with the land and foreclosed the lessors from alienating any part of their interest in the leased land except in accordance with terms of the lease. Krone v. Lacy, 168 Neb. 792, 97 N.W.2d 528. The pertinent facts are detailed in the report of that decision.
 
 
 9
 Judge Van Pelt, the able federal district judge who tried the case below, was of the view that the principle of collateral estoppel applied to bar relitigation of the issue already decided by the courts of Nebraska and granted defendants' motion for summary judgment. In an unreported memorandum decision, Judge Van Pelt considered and discussed the pertinent decisions of the Nebraska Supreme Court and stated the reasons for his action. Because we affirm on the basis of this memorandum decision, it is reproduced here:
 
 
 10
 "Defendants have urged in support of their motion for summary judgment that the earlier state court declaratory judgment action is res judicata, and that it therefore prevents plaintiffs from maintaining this action for damages (fol. 111). At the outset certain terms must be carefully and clearly defined since they are important to the question under consideration. These include `merger', `bar', `estoppel', and `res judicata'. A concise and accurate summary, based on the Restatement of Judgments, is found in the following passage:
 
 
 11
 "`The Restatement of Judgments defines "res judicata" in terms of rules of "merger", "bar", and "collateral" and "direct estoppel". A valid and final personal judgment for money in favor of the plaintiff merges the original cause of action in the judgment thereby extinguishing the claim and substituting for it a new claim on the judgment obtained. A judgment for the defendant on the merits bars a subsequent action on the claim. Regardless of whom the judgment is in favor, it is conclusive as collateral estoppel in a "subsequent action between the parties on a different claim as to issues actually litigated and determined in the former action and similarly as a direct estoppel in a subsequent action between the parties on the same claim.' Goodrich, "Conflict of Laws," p. 217 (3rd ed. 1949).
 
 
 12
 "The important distinction to note is this: if the subsequent action is upon the same claim then the action is barred if the previous judgment was for the defendant; but if the subsequent action is on a different claim the action is not barred but issues litigated and determined in the former action cannot be relitigated. This distinction is recognized by the Nebraska cases, e. g., State ex rel. Weamer v. Manpower of Omaha, 163 Neb. 529, 80 N.W.2d 580 (1957); Williams v. Beckmark, 150 Neb. 100, 33 N.W.2d 352 (1948); Slater v. Skirving, 51 Neb. 108, 70 N.W. 493 (1897). For a full discussion of this distinction see Comment Note, 88 A.L.R. 574 (1934).
 
 
 13
 "Defendants urge that both of these rules are applicable. They claim: (1) the suit is barred because the cause of action is the same cause of action as that sued upon in the former action; (2) in any event, this suit is an attempt `to enforce by the recovery of damages the very instruments that the Supreme Court of Nebraska held were unenforceable', a result prohibited by the principle of (fol. 112) collateral estoppel.
 
 
 14
 "While the original action was for a declaratory judgment it is well settled that a declaratory judgment is res judicata the same as any other judgment. See In re Reynolds' Estate, 131 Neb. 557, 268 N.W. 480 (1936). A full treatment of this rule, including exceptions to it, can be found in Annot., 10 A.L.R.2d 782 (1950).
 
 
 15
 "In a case such as this it is necessary to delineate with some precision the holding in the former action. There is agreement between the litigants on one point only; that the Nebraska Supreme Court held that the deeds delivered to the plaintiffs were not effective to convey to the plaintiffs the royalties to which plaintiffs claimed they were entitled. Plaintiffs say that this was the only thing decided. Defendants urge that the holding is much broader.
 
 
 16
 "The Nebraska Supreme Court in its opinion stated the question which it was deciding:
 
 
 17
 "`The question is, may the owners of all royalty interests under a lease containing an entirety clause agree among themselves for a different division of the royalties accruing thereunder than that fixed by the entireties clause and, if they do, is such an agreement enforceable among themselves?' 168 Neb. at 799, 97 N.W.2d at 533.
 
 
 18
 "This question was clearly answered:
 
 
 19
 "`(T)he conclusion (is) that the lessors, and all parties holding under or through them, could not, by agreements entered into among themselves, make a change affecting the apportionment of the royalties provided for by the entireties clause in the lease * * *' 168 Neb. at 802, 97 N.W.2d at 535.
 
 
 20
 "Based on this conclusion the court held:
 
 
 21
 "`(W)e affirm the trial court's judgment holding that appellants had a 1/15th interest in the 1/8th royalty from oil produced from the entire 2,400-acre tract.' 168 Neb. at 802, 97 N.W.2d at 535.
 
 
 22
 "(fol. 113) The question which is central is whether the holding of the Nebraska Supreme Court may properly be limited to the narrow proposition stated immediately above. In the petition in the original action plaintiffs prayed for a declaratory judgment adjudicating the rights of plaintiffs and defendants, for an accounting, and for such other relief as would be just and equitable. On appeal to the Nebraska Supreme Court plaintiffs, in addition to asking reversal of the declaration of contract rights made by the lower court, more specifically outlined the equitable relief being sought. Plaintiff stated as propositions of law in the brief on appeal that a constructive trust should be imposed where money is received which cannot in good conscience be retained. It was also stated that where the retention of property would be unjust enrichment there is an equitable duty to convey. A portion of the brief on appeal was devoted to expanding upon these principles. The factual basis for the granting of equitable relief was recited. Plaintiffs concluded by urging:
 
 
 23
 "`Under all equitable rules the defendants cannot justly retain this money and a court of equity should require them to account for all royalty payments made to them which are a part of the royalties assigned by them to the plaintiffs.' Brief of Appellants, pp. 46-7.
 
 
 24
 "In its opinion the Nebraska Supreme Court made no reference to these arguments by plaintiffs. But from the above summary from the brief on appeal there can be no doubt that there was before the court a sufficient basis in law and fact for the granting of equitable relief if the court had concluded that such contentions had merit. And under such circumstances it was within the court's power to grant any appropriate relief which is clear by reason of the rule that `the prayer for general relief is sufficient to authorize any judgment to which the party is entitled under the pleadings and evidence.' School District v. Wood, 144 Neb. 241, 250, 13 N.W.2d 153 (1944).
 
 
 25
 "(fol. 114) From the Supreme Court's language quoted above it expressly appears that all plaintiffs were entitled to by the contract was a 1/15th interest in the 1/8th royalty from oil produced from the entire 2,400 acre tract. It seems to this court that it is also clear that the Nebraska Supreme Court held, by implication, that plaintiffs were not entitled to equitable relief — that defendants had no duty to account and were not unjustly enriched. Indeed, considering what had been presented to the court on this point, no other conclusion is possible. It would unquestionably be inequitable conduct and unjust enrichment for defendants to retain money in breach of their contract. The refusal to grant equitable relief reflects a conclusion by the Nebraska Supreme Court that defendants were not retaining royalties in breach of their contract.
 
 
 26
 "Under these circumstances the court holds that plaintiffs are not entitled to maintain the instant action for damages. Whether this claim for damages is the same as the claim in the earlier suit need not be determined, since the court is of the opinion that the rule of collateral estoppel applies to bar relitigation of this issue. As stated by the Nebraska Supreme Court in State v. Manpower of Omaha, 163 Neb. 529, 80 N.W.2d 580 (1957):
 
 
 27
 "`(A)ny right, fact, or matter in issue directly adjudicated or necessarily involved in the determination of an action before a competent court in which a judgment or decree is rendered upon the merits is conclusively settled by the judgment therein and cannot again be litigated between the parties and privies whether the claim or demand, purpose, or subject matter of the two suits is the same or not.' [Emphasis added.]
 
 
 28
 "Since the question of breach of contract was necessarily before the Nebraska Supreme Court and decided adversely to plaintiffs in the earlier suit, and since breach of contract is the only issue in the instant action it follows that the rule stated above precludes this court from entertaining plaintiffs' action. This holding makes unnecessary a (fol. 115) consideration of the other issues before the court.
 
 
 29
 "This is a situation in which the intent of the parties has been clearly manifested. An effort was made to effectively implement that intent. However, despite such clarity of intent, the law, as expounded by the Supreme Court of Nebraska, has attached to the efforts of the parties a result contrary to their intent. That such a fortuity has resulted in a hardship to plaintiffs cannot be doubted. But the plaintiffs in seeking to overcome this hardship have had their day in court. The instruments given them by defendants were ineffective to convey what defendants intended to convey and what plaintiffs thought they were to receive. Even in that situation defendants were denied equitable relief. Such a result reflects the judgment of the highest court of this state that defendants were not retaining something to which they were not entitled. This court does not sit as a court of appeals to reverse or rectify errors or inequities, imagined or actual, coming from the Supreme Court bench. Nor is it a forum in which a disappointed litigant may again wage his cause. The public policy dictate that there must be an end to litigation directs that the judgment of the Nebraska court, whether right or wrong, must stand as the final word in this dispute."
 
 
 30
 We have carefully considered the arguments of appellants as to why the trial judge has erred in deciding as he did. No purpose would be served by repeating these arguments. It is sufficient to state that nothing urged upon us demonstrates that the trial judge misconceived or misapplied the pertinent law of Nebraska. "If a federal district judge has reached a permissible conclusion upon a question of local law, we will not reverse, even though we may think the law should be otherwise." National Bellas Hess Inc. v. Kalis, 191 F.2d 739, 741, 8th Cir. 1951, cert. den. 342 U.S. 933, 72 S.Ct. 377, 96 L.Ed. 695. See Village of Brooten v. Cudahy Packing Co., 291 F.2d 284, 8th Cir. 1961 and cases there cited, and Phoenix Assurance Company of New York v. City of Buckner, Missouri, 305 F.2d 54, 8th Cir. 1962.
 
 
 31
 The judgment is affirmed.