EBBA LOFGREN, APPELLANT, v. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, APPELLEE.

FILED SEPTEMBER 27, 1919.    No. 20525.

Carriers: ACTION FOR INJURIES: DIRECTION OF VERDICT. Where the evidence is insufficient to sustain a judgment in favor of plaintiff, the trial court should direct a verdict for defendant.

APPEAL from the district court for Douglas county: ARTHUR C. WAKELEY, JUDGE. *Affirmed.*

*W. J. Connell,* for appellant.

*John L. Webster* and *William R. King, contra.*

ROSE, J.

This is an action to recover damages for alleged negligence resulting in personal injuries to plaintiff in a collision with an electric passenger car on defendant's street railway in Omaha. After both sides had adduced their testimony, the trial court gave a peremptory instruction in favor of defendant for insufficiency of the proofs to sustain a verdict for plaintiff. From a dismissal of the action, plaintiff has appealed.

The only question presented is the correctness of the trial court's ruling that there is no evidence of actionable negligence on the part of defendant. The charges of negligence are that the passenger car which struck plaintiff was operated at a high and dangerous rate of speed and was not under control.

The accident occurred on Twenty-fourth street, on a line with the south curb of Mason street, where the two streets meet at right angles. Mason street extends east,

but not west, from Twenty-fourth street. There are double tracks four or five feet apart running north and south on Twenty-fourth street. The south-bound cars run on the west track and the north-bound cars run on the east track. After dark, when there was a light snow on the ground, plaintiff, a passenger, alighted at the rear exit of a south-bound car, which stopped at the south side of Mason street, went around the rear end of it, and walked eastward across the narrow space between the two tracks. As she was stepping over the west rail of the east track, she was struck by the fender of a north-bound car. She testified that, when she was facing southward in alighting, she saw a north-bound car ''about a block away,'' approaching from the south, and knew that she had time to cross the track ahead of it, if it was running at the usual rate of speed. In addition, there is proof that a rule of defendant required the motorman, when passing a standing street car at a public crossing, to have his own car under complete control, ''so that stop can be made instantly.'' Plaintiff argues that, since the north-bound car ran about a block while she was alighting and walking to the place of the collision, its speed was 30 miles an hour. She offered no evidence whatever of the rate at which the north-bound car passed the one on which she had been a passenger. While alighting, according to her testimony, she looked toward the south into the headlight of the approaching car ''about a block away.'' Her estimate applies to the block south of Mason street, where there were no intersections or public crossings. The bases of computation make the result of her calculations mere conjecture. The motorman testified that his rate of speed south of Mason street did not exceed 10 miles an hour; that he applied his brake when within a block of the south-bound car; that he reduced his speed to two or three or four miles an hour while passing the south-bound car; that his car ran four feet only after he saw plaintiff, and two feet only after the fender struck

her. This testimony is in harmony with that of a disinterested eye-witness who assisted plaintiff to her home after the accident. A number of witnesses testified directly to the speed of the north-bound car as it passed the south-bound car, and the estimates range from two to five miles an hour—speeds varying from a slow to a rapid walk. This evidence is uncontradicted, and there is nothing in the record to challenge the veracity of the witnesses who thus testified.

There is also proof that plaintiff, after the accident, was found outside of the west rail of the east track near the front end of the car where the fender is attached. The rule mentioned did not require the motorman to stop at the intersection where the south-bound car had stopped for plaintiff to alight. His headlight, the noise of his moving car, and his gong gave notice of his approach. Under the circumstances he is not chargeable with negligence because he failed to act in advance on the assumption that some one behind the south-bound car would step on the track in front of his car without stopping or looking or listening. The testimony of plaintiff that she saw the approaching car about a block away and knew she could cross the track ahead of it, if running at the usual speed, and the other evidence do not prove that it was operated at a high and dangerous rate of speed while passing the south-bound car, and was not then under control, whatever effect such testimony might have on an issue of contributory negligence.

Plaintiff also testified that light from the northeast was thrown about her from an automobile, but this, in connection with the evidence as a whole, does not show negligence on the part of defendant in the respects charged in the petition. It is clear that plaintiff did not make a case calling for the verdict of a jury, and that the trial court did not err in dismissing the action.

AFFIRMED.