BETTY FAY CAMPBELL, APPELLEE, V. GLEN SLATER, APPELLANT.

FILED MAY 25, 1934.   No. 28963.

*Kennedy, Holland & De Lacy,* for appellant.

*Lower & Sheehan, contra.*

Heard before Goss, C. J., Good, Eberly, Day and PAINE, JJ., and RAPER and TEWELL, District Judges.

Good, J.

This is a personal injury action in which plaintiff had judgment, and defendant has appealed. Betty Fay Campbell was six years old at the time of the injury, and the action is brought in her name by her father as next friend.

Several acts of negligence are alleged. The only ones submitted to the jury were: (1) That defendant was operating his truck at an excessive rate of speed and in violation of the ordinance of the city of Omaha; (2) that defendant did not have his truck under proper control.

Defendant complains that the court erred in refusing to instruct the jury to return a verdict for defendant, on the ground that the evidence was insufficient to sustain a verdict for plaintiff. The evidence tends to prove the following facts: The collision, giving rise to this action, occurred about noon of the 24th day of September, 1930, on Twenty-fourth street, just north of Castelar street in the city of Omaha. The home of plaintiff's parents was on the west side of Twenty-fourth street and a short distance north of Castelar street. Plaintiff had been attending school on Castelar street and was returning to her home. She proceeded on Castelar street until she came to Twenty-fourth street, turned north on the east side of the latter street and went a few feet; then stepped to the east curb of Twenty-fourth street, hesitated, looked at least in one direction, and started to run in a northwesterly direction across Twenty-fourth street to her home. Defendant was driving his truck north along the east side of Twenty-fourth street. He had a clear view of that street for more than 100 feet before he reached the point where plaintiff left the curb. After leaving the east curb of Twenty-fourth street, plaintiff proceeded a distance of 25 or 30 feet when the collision occurred. The evidence tends to show that she was struck by the truck

and knocked to the pavement, and that she received a fractured skull.

The evidence on behalf of plaintiff indicates that defendant was driving his truck at 35 to 40 miles an hour immediately before and at the time of the collision; that when plaintiff started to cross Twenty-fourth street the truck was 100 feet or more south of plaintiff, and defendant's view of the street was unobstructed. The ordinance of the city of Omaha made it unlawful to travel on that street at a rate of speed in excess of 30 miles an hour. The evidence on behalf of defendant is to the effect that he was traveling but 20 miles an hour and that plaintiff left the curb at the same time the front end of defendant's truck was opposite to her.

It is a rule that in a law action, where negligence is an issue and the evidence respecting it is conflicting, the question is for the jury.

Defendant cites and relies upon a number of cases decided by this court, in which it was held that the evidence did not disclose negligence. It would serve no useful purpose to review those cases because the facts here are so different from the facts disclosed in the cases relied on. The jury evidently believed the evidence of plaintiff, and they could reasonably find that defendant was driving at an excessive rate of speed; that he negligently ran against and injured the plaintiff, who was crossing the street and in plain view; that he could have seen her in time to have applied his brakes and stopped; and that he negligently failed to have his truck under proper control. We think, clearly, the evidence is sufficient to warrant a finding that defendant negligently injured the plaintiff.

Defendant requested 23 instructions and complains of the refusal of the court to give each of six of the requested instructions. It is contended that these instructions embodied the theory of defendant, and that the court did not fairly present defendant's theory of the case.

With this contention we are unable to agree. Defendant's theory was that he was not guilty of negligence;

that plaintiff ran out into the street and against his truck after defendant had reached a point opposite to plaintiff. When we examine the instructions given by the court, defendant's theory seems to us to have been fully covered. It is true that the court did not give the instructions in the form requested by defendant, but it was not required to do so. Several of the instructions requested by defendant, and which the court refused to give, contained elaborate recitals of the evidence as contended by defendant. It is not the province of the instructions to detail and emphasize to the jury the evidence of one party to an action, but only to instruct them with reference to the principles of law applicable to the facts.

A number of the instructions, refusal to give which is complained of, were properly refused because they contained recitals of the evidence as claimed by defendant and emphasized a particular line of testimony. One of the requested instructions which the court refused was directed to an issue of negligence which was not alleged nor submitted to the jury, viz., that defendant was not guilty of any negligence in failing to see plaintiff prior to the time she reached the east curb of Twenty-fourth street. An instruction, not applicable to any issue submitted to the jury, is properly refused.

It is next contended that the verdict is excessive. The verdict was for $6,500. By order of the trial court, a remittitur of $1,500 was entered. The evidence shows that plaintiff suffered greatly from the fractured skull; that prior to the accident she was bright, quick and accurate in her school work; that after the accident (September 24) she was unable to attend school until January 12 following and then only part time for some weeks; that it was difficult for her to concentrate upon her work; that, while she had made a half grade in each semester prior to the accident, subsequent thereto it took three semesters to make a half grade, and two semesters to make a succeeding half grade, in school; that she suffered headaches; that the right hand was partially par-

alyzed; that it was difficult for her to write and control the action of her right hand, and the evidence tends to prove that, while she probably will improve, she may never regain the entire use of her right hand. Under the evidence we are unable to say that a judgment for $5,000 is excessive.

Defendant complains of the refusal of the court to grant a new trial on the ground of newly discovered evidence. The showing in this respect consists of two affidavits by one Matson, whose knowledge of the case was known to defendant's counsel prior to the trial, and no effort was made to obtain his evidence then. There was no diligence shown. Another affidavit was by a boy, 15 years of age. This was more than two and a half years after the accident, and the boy could not have been more than 13 years old, possibly not that, at the time of the accident. His statement in his affidavit is to the effect that he was riding on the rear platform of a north-bound street car on Twenty-fourth street at the time of the accident; that from the rear platform he saw the accident which occurred in front of the street car. There is evidence that there was at least one vehicle, and perhaps two, between the street car and defendant's truck. The evidence that he would give would be only cumulative to that produced by defendant.

It is a rule that application for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial court, and its ruling on such motion will not be disturbed unless an abuse of discretion is shown. It would seem highly improbable, if not entirely incredible, that the witness could have seen, from his position on the rear platform of the street car, the things which he detailed in his affidavit. The trial court may properly refuse to grant a new trial on newly discovered evidence unless it is of such a character that the court may be of the opinion that it could reasonably change the verdict of the jury. It would seem that if defendant had been diligent he could, within two and a

half years, have discovered the witness and had his testimony presented at the trial, if he deemed it of any value. In our opinion, no abuse of discretion is shown in the refusal of the court to grant a new trial on the ground of newly discovered evidence.

The record appears to be free from error. Judgment AFFIRMED.