**179 P.2d 788**

**LEMKE v. GARDNER et al.**

**No. 4910.**

Supreme Court of Arizona.

April 28, 1947.

Gust, Rosenfeld, Divelbess, Robinette & Linton, of Phoenix, for appellant.

Don P. Skousen and J. H. Glenn, both of Phoenix, for appellees.

STANFORD, Chief Justice.

For the purpose of this appeal we will style the parties as they were in the Superior Court. Plaintiffs sued defendant for damages to their car and injuries to the plaintiff Fannie M. Gardner.

On the 11th day of October, 1945, Fannie M. Gardner was driving plaintiff's car in a westerly direction on east Pierce Street, Phoenix, Arizona. Defendant was driving his car south on North 11th Street. The cars collided just west and north of the center of the intersection. Other facts will be developed as we continue.

The case was tried before a jury and the jury rendered its verdict in favor of the plaintiffs for the sum of $338 for damages to the plaintiffs' car and for the sum of $1,000 for injuries received by Fannie M. Gardner. Defendant appealed from the judgment rendered on the verdict and also from an order denying the defendant's motion for a new trial.

At the close of the plaintiffs' case the defendant made a motion for directed verdict and again renewed that motion at the close of the entire case. Said motions were based upon the ground that there was no evidence in the record of any negligence on the part of the defendant for the reason that there was no evidence showing or attempting to show that the accident was caused by any actionable negligence on the part of defendant. The denial of said motions was assigned as error, and the other assignment of error is: "The court erred in denying defendant's motion for a new trial upon the ground that the verdict and judgment are not justified by the evidence and are contrary to law because the evidence clearly shows that the accident was caused by plaintiff's negligence on the part of defendant proximately causing the accident."

It is important that we briefly review the testimony in this case. Mrs. Gardner said that she was traveling around 20 miles an hour when she approached the intersection at 11th and Pierce Streets; that the point of impact of the two cars

was north and west of the center of said intersection; that it was about 12 feet northwest of the center of the street; and that she determined that distance by measurement.

Jack Ashley, a police officer for the City of Phoenix, who operated a traffic investigation car, testified that the Gardner car was about 10 feet through the center of the intersection of the streets at the time of impact. Ashley further testified that the Lemke car was damaged on the "left front", the "left side", and stated that the Gardner car was damaged on the front of the car or the right side. Ashley also testified, when asked if he observed the skid marks of the Lemke car on the pavement, that the marks began back someways above the north curb of Pierce Street, and stated that the entire skid mark before the impact was some 20 feet and stated that in talking to Lemke, Lemke said that he was going pretty fast. Mr. Lemke, on cross examination, said:

"Q. Mr. Lemke, you say you began applying your brakes before you got into the intersection? A. No, sir.

Q. Well, where did you? A. Oh, yes. Yes. Yes, that is right, because I was going to make a right hand turn."

So, it would seem as though, from the testimony, that the impact did occur after the plaintiff had gone on west of the center of the intersection.

It is the theory of the defendant that he was first into the intersection; that he applied his brakes, skidding his car about 10 feet; that the plaintiff kept coming into the intersection without applying her brakes, swerving her car, or doing anything to avoid the accident and ran into defendants' car.

Defendant relies upon the testimony of Joseph Brown, a witness for defendant, who had just driven his car into his yard, on the north side of Pierce Street and some distance west of 11th Street. He said he saw both cars approaching the intersection; that the one coming from the east was coming a little slower, he thought, than the one coming from the north. Later in his examination he changed his testimony saying that the car coming from the north was going slower than the car coming from the east. He stated that he could not estimate the speed being traveled by the cars prior to the accident, but did say that the plaintiff was traveling the faster of the two; that he could not see the defendant until defendant came around the corner in his sight, but probably could see the defendant as much as 100 feet before he reached the intersection; that he thought the plaintiffs' car which was going west, hit the defendant's car, which was going south.

The defendant relies upon our case of Phen v. All American Bus Lines, Inc., 56 Ariz. 567, 110 P.2d 227, 228. This is a case where a passenger was riding in a bus and the bus collided with an automobile. We quote:

"\* \* \* Further, if the uncontradicted testimony of disinterested witnesses shows clearly that there was no negligence on the part of defendant and that the accident was caused solely by the negligence of a third party, the case is one for the court and not for the jury. .

\*    \*    \*    \*    \*    \*

"\* \* \* We have held repeatedly that a jury may not, as a matter of law, disregard the uncontradicted testimony of disinterested witnesses in regard to a fact. *Illinois Bankers' Life Ass'n v. Theodore*, 44 Ariz. 160, 34 P.2d 423; *Crozier v. Noriega*, 27 Ariz. 409, 233 P. 1104; *Otero v. Soto*, 34 Ariz. 87, 267 P. 947. The five passengers on the bus and the eyewitness nearby all testified positively and unequivocally that the bus was proceeding with proper circumspection and observing the rules of the road, and that the accident was caused by the negligence of the driver of the other automobile. Their testimony was in no manner discredited nor contradicted. This, as a matter of law, overcame any inference or presumption which was permissible under the rule of res ipsa loquitur."

We cannot see where this case applies to the instant case. The doctrine of res ipsa loquitur and its attendant presumptions are not involved. Not only are the facts very different, but we cannot say that Joseph Brown's testimony was uncontradicted.

The defense also relies upon a statement in the case of Hall v. Wallace, 59 Ariz. 503, 130 P.2d 36, 38. We quote: "We think there can be no question that under the statute when two vehicles are approaching or entering an intersection at approximately the same time, it is the duty of the driver of the left-hand vehicle to yield the right of way to the right-hand vehicle. But this duty is limited to circumstances when the approach or entering of the two vehicles is at approximately the same time and the respective rights of the vehicles are determined as at the time of entry into the highway. If a vehicle has once entered an intersection, it makes no difference as to how long it takes that vehicle, on account of its speed, weight or length, to cross through the intersection. The test is, Was it in its right in entering? It follows as a corollary from the statute that if the left-hand vehicle enters the highway at a time not approximately that at which the right-hand vehicle approaches or enters it but before it, the left-hand vehicle is within its right in so entering. Let us apply this rule to the present case."

The trial court gave to the jury an instruction on the subject of who had the right-of-way when two vehicles enter the intersection of streets at the same time, instructing, among other things, that "the driver of the vehicle on the left shall yield the right of way to the vehicle on the right \* \* \*."

Plaintiff testified that before she reached the intersection in question she looked right and left and saw no cars, and did not see the defendant's car until about the point of impact, and that the defendant's car hit her so hard that it turned her car completely south.

This case is, indeed, one of conflicting evidence. At the close of the instructions at the trial of the case, the trial judge asked counsel if they had any objection to the instructions given and no objections were offered. This brings us to our case of Keefe v. Jacobo, 47 Ariz. 162, 54 P.2d 270, 272, where we said in cases submitted to a jury where there was conflicting evidence and no complaint made to instructions the Supreme Court must accept the jury's verdict. True there was conflicting evidence in this case. We have not gone into the matter at great length because what we have shown already is sufficient to justify the court in submitting the case to the jury. As was said in the case of Keefe v. Jacobo, supra: "* * * This question was submitted to the jury upon conflicting evidence, and was resolved against defendant. No complaint is made to the instructions thereon. The verdict of the jury on that question we must accept under our rules."

In keeping with our well established rule, the judgment is affirmed.

LA PRADE and UDALL, JJ., concurring.