[No. 32240. Department One. July 1, 1953.]

THOMAS BURNS, *an Infant, by Edith Burns, his Guardian ad Litem, Appellant,* v. WALTER W. HARFST *et al., Respondents.*[1]

[1]Reported in 259 P. (2d) 379.

*Jerry T. Haggarty,* for appellant.

*Hullin & Ehrlichman,* for respondents.

OLSON, J.—This is an action for damages for injuries to an infant. At the close of plaintiff's case, defendant's demurrer to the evidence was sustained, and the action was dismissed. Plaintiff has appealed from this judgment and from the order denying a motion for a new trial.

The accident occurred about eight-thirty in the morning in a school zone in the city of Seattle. As defendant, Walter W. Harfst, drove his automobile through this zone, he observed on his right several cars parked parallel to the curb (partially on the parking strip) and one car which was parked at a sharp angle to the curb, so that it protruded several feet into the street and extended beyond the other parked cars. Defendant drove to his left and along the center of the street to pass this car. As he was about to do so, plaintiff, then six years and five months of age, ran from behind the parked car diagonally across the street in the direction defendant was traveling. Defendant first saw the

boy when he was about six feet from him. He turned his car and applied the brakes, but it struck the boy. The point of collision on the car was twelve to thirteen inches from the right end of the front bumper. Defendant stopped the car within a few (three to six) feet after the collision, without leaving any skid marks on the dry pavement.

Plaintiff's allegations of negligence are that defendant drove (1) at an excessive rate of speed, (2) on his left side of the street, and (3) failed to keep a proper lookout.

The speed at which defendant was traveling was not proven to be either in excess of any legally established rate or at a rate which was not reasonable under the circumstances then prevailing. In this regard, plaintiff relies heavily upon an estimate of defendant's speed made by a time-and-distance-traveled computation from the testimony of one witness. Such a computation can be accurate, of course, but the factors used must be certain. Here the witness made only an approximation of the factors and, consequently, his result is speculative and conjectural. Cf. *Ferguson v. Seattle*, 27 Wn. (2d) 55, 68 *et seq.*, 176 P. (2d) 445 (1947). It cannot be said to be substantial evidence of an ultimate fact in the case, which is required to support a verdict. *Ruff v. Fruit Delivery Co.*, 22 Wn. (2d) 708, 720, 157 P. (2d) 730 (1945), and cases cited. Further, it may well be said, from the facts related, that speed was not a proximate cause of this accident. *Woodward v. Simmons*, 7 Wn. (2d) 10, 19, 108 P. (2d) 637 (1941), and cases cited.

Upon the facts of this case, defendant cannot be said to have been negligent because he drove his car in the center of the street. *Wheaton v. Stuck*, 34 Wn. (2d) 725, 728, 209 P. (2d) 377 (1949), and cases cited. In any event, such driving was not a proximate cause of the injuries to the child. Had defendant been nearer his right side of the street and, consequently, nearer to the protruding car, the boy would have been hit by the center or left portion of the bumper. And, too, defendant then would have had even less chance to see and avoid the boy.

There were no children playing on the side of the street from which the boy came, and no other circumstance gave

defendant any reason to anticipate the presence of the boy there. The evidence is undisputed that defendant was observing the car parked at an angle. He was watching the very point from which the youngster dashed into the street, and saw him at the earliest possible moment. He maintained a proper lookout under the circumstances.

■■  Viewing the evidence in the light most favorable to plaintiff, as we are obliged to do (*Cochran v. Harrison Memorial Hospital, ante* p. 264, 267, 254 P. (2d) 752 (1953), and cases cited), we can find no facts or reasonable inferences from the facts upon which he can recover.

■  We find no error in the denial of plaintiff's motion for a new trial. The reason specified by the trial court, in the order denying the motion, is "that plaintiffs failed to show any evidence of primary negligence on the part of the defendants in the operation of their automobile at the time of the accident." This shows that the ruling is based upon facts which necessarily appear in the record, and is sufficiently definite to comply with Rule of Superior Court 16, 34A Wn. (2d) 117, 118. *Mulka v. Keyes,* 41 Wn. (2d) 427, 431, 249 P. (2d) 972 (1952). It is an adequate answer to plaintiff's argument on his motion.

The judgment is affirmed.

GRADY, C. J., MALLERY, HILL, and WEAVER, JJ., concur.

---

September 10, 1953. Petition for rehearing denied.