JOHN EDEN, A MINOR, BY CLAUDE EDEN, HIS NEXT FRIEND AND NATURAL GUARDIAN, APPELLEE, V. RICHARD E. KLAAS, APPELLANT.

89 N. W. 2d 74

Filed March 28, 1958. No. 34357.

*Frederick M. Deutsch, Warren G. Albert,* and *Gordon L. Gay,* for appellant.

*Brogan & Brogan* and *Wagner, Wagner & Conrad,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action for damages brought by a guest in an automobile driven by his father at the time it became involved in a collision with an automobile driven by the defendant. The jury returned a verdict for the plaintiff in the amount of $2,500. Judgment was rendered in this amount, and the defendant has appealed.

The collision involved in the present action occurred at a road intersection located 2 miles south and 1 mile west of Humphrey, Platte County, Nebraska, on November 4, 1955, at about 4:30 p.m. Both intersecting roads were graveled, level, and unprotected by stop signs. Immediately prior to the accident the automobile in which the plaintiff was riding was being driven by his father in an easterly direction toward the intersection at a speed of about 40 miles an hour. The automobile of the defendant was being driven north toward the intersection, the defendant entering the intersection from plaintiff's right. The collision occurred near the center of the traveled portion of the intersection. The evidence shows that the driver of the car in which plaintiff was riding looked to his right when 150 to 200 feet from the intersection and did not see defendant's automobile approaching from the south. He admittedly did not look again to his right. He was guilty of contributory negligence sufficient to bar any recovery by him as a matter of law, as this court held in the companion case of Eden v. Klaas, 165 Neb. 323, 85 N. W. 2d 643.

The plaintiff was a boy, 5 years of age at the time of the accident. He was riding in the front seat between his father and his brother Richard when the collision occurred. This plaintiff, a boy 5 years of age, is incapable of being charged with contributory negligence. Connors v. Pantano, 165 Neb. 515, 86 N. W. 2d 367. In addition thereto, in his capacity as a guest in his father's automobile, the negligence of the father is not imputa-

ble to him.  Burhoop v. Brackhan, 164 Neb. 382, 82 N. W. 2d 557.

It is the rule that where the negligence of the driver of an automobile, in which a person is riding as a guest, is the sole proximate cause of a collision in which the guest is injured, the guest cannot recover for such injuries from a third person.  But where such injuries are the result of the negligent acts of his host and the driver of the other car participating in the collision, either or both tort-feasors may be held for the entire damage because the negligent acts of each are regarded in law as a cause of the injury.  Burhoop v. Brackhan, *supra*.  The sole question as to the liability of the defendant is, therefore, whether or not the evidence is sufficient to sustain a verdict finding the defendant guilty of negligence which, together with the negligence of plaintiff's host, combined to produce plaintiff's injury.

The defendant testified that because of the injuries he sustained in the accident he suffered a loss of memory and was unable to recall any of the circumstances surrounding the accident.

The evidence of negligence on the part of the defendant is largely dependent upon the sufficiency of the evidence of Mark Eden, the 13-year-old brother of the plaintiff, who was riding in the back seat of the Eden car, which, according to the evidence of his father, approached the intersection at a speed of 40 miles an hour.  Mark Eden testified that when the Eden car was about 100 feet from the intersection he saw the Klaas car approximately 200 feet south of the intersection.  He turned and looked at his father and before he could speak the collision occurred.  During the period that he observed the Klaas car he said that it appeared to be in the center of the road, but that it was skidding and swerving from one side of the road to the other. He testified on cross-examination that he concluded the defendant had applied his brakes at that time.  The witness was properly precluded from testifying to the

speed of defendant's car because of a want of foundation upon which to base an estimate of speed. It is clear, however, that the jury could properly infer from the evidence of this witness that defendant's car was traveling at a greater speed than the Eden car, based on the distances each was from the intersection when defendant's car was observed by the witness. The jury could also infer that defendant was driving at such a speed that he was unable to stop his car within 200 feet in order to avoid the accident. The evidence tends to establish the want of proper control of his car by the defendant rather than the rate of speed at which he was traveling. We think the jury could properly conclude from this evidence that defendant was negligent, the credibility and weight of Mark Eden's evidence being for the jury to determine. In testing the sufficiency of the evidence to support a verdict it must be considered in the light most favorable to the successful party in accordance with the rule announced in Kohl v. Unkel, 163 Neb. 257, 79 N. W. 2d 405. It is elementary that a verdict of a jury will not be set aside by this court unless it is clearly wrong. We cannot say as a matter of law that such is a fact in the present case. The evidence was sufficient to take the case to the jury on the question of defendant's negligence.

The defendant contends that evidence of excessive speed was based on a time-and-distance-traveled computation made on approximate factors only and, consequently, the result was speculative and conjectural, and insufficient to support a verdict. In support of this contention defendant cites Lofgren v. Omaha & C. B. St. Ry. Co., 103 Neb. 723, 174 N. W. 222, and Burns v. Harfst, 42 Wash. 2d 795, 259 P. 2d 379. We do not think the rule announced in these cases has any application here. The trial court meticulously refused to permit Mark Eden to testify to the speed of defendant's car because of its speculative and conjectural foundation. There is no evidence in the record as to the speed of

defendant's car, other than the evidence of Mark Eden that it was skidding and swerving as the result of the application of brakes when it was 200 feet from the intersection, and the conclusion that could properly be drawn therefrom that defendant was unable to control his car within that distance and avoid the accident. This evidence raised the factual issue as to whether or not defendant was driving his automobile at a speed that was reasonable and proper under the circumstances.

Defendant, by his assignments of error numbered 3 to 9, inclusive, claims error in that the trial court by its instruction No. 1 set forth allegations of fact which had no support in the evidence. We have examined the instruction with reference to the assignments of error directed at its correctness and find that the court committed no prejudicial error in the respects claimed.

Defendant assigns as error the giving of instruction No. 8 by the trial court and asserts that the correct rule is contained in defendant's requested instructions Nos. 3 and 4, and that the latter instructions should have been given. The instruction given by the court contained explanatory statements as to the application of the statute with reference to right-of-way at open intersections. The effect of the instruction as a whole was to advise the jury that "if two vehicles are approaching an intersection at lawful rates of speed and under such relative conditions as to speed and distance that both will reach the intersection at the same instant or so near the same instant as to make it apparent to a man of ordinary prudence that there will be a collision or the risk of a collision, then it may be said that they will reach the intersection at approximately the same time." We think the trial court correctly stated the law on the subject. The requested instructions were likewise correct, but the court having instructed and covered the substance of the requested instructions, the latter were properly refused. Campbell v. Slater, 127 Neb. 231, 254 N. W. 897; Miceli v.

Equitable Life Assurance Society, 138 Neb. 367, 293 N. W. 112.

Defendant complains of error in the giving of instruction No. 9, which stated: "You are instructed that in arriving at the rate of speed at which either driver was driving his car at the time of the accident, you may take into consideration, in addition to the evidence bearing directly on speed, the distance that either car traveled after the collision, and any and all other facts and circumstances tending to show the rate of speed at which either driver was driving." The complaint made to this instruction is that there was no credible evidence bearing directly on the speed of defendant's automobile. While it is true that there was no evidence as to the speed of defendant's automobile as to the miles per hour it was traveling, there is evidence that defendant applied his brakes approximately 200 feet from the intersection and that his car was skidding and swerving immediately thereafter. We think the jury could properly infer from this evidence that defendant was driving his car as it approached the intersection at a speed that was not reasonable and proper under the circumstances; that defendant saw the Eden car 200 feet from the intersection and was unable to bring his car under such control in that distance so as to avoid a collision; and that the jury could properly find, as it did, that defendant was driving at a speed which was not reasonable and proper under the circumstances. We think the instruction was a proper one under the evidence in this case.

Defendant complains of instruction No. 10 given by the trial court because it contains the statement that "you should consider, in arriving at the amount of plaintiff's damages, the nature and extent of his injuries and whether the same are temporary or permanent, his pain and suffering and the disability suffered together with such as the evidence shows he has suffered in the past and will with reasonable certainty suffer in the

future, if any, * * *." The basis of the claimed error is that there was no evidence of future pain, suffering, or disability. There is evidence in the record that plaintiff has small scars over his right eye and posterior to the right ear. He suffered a severe cerebral concussion in the accident. There is evidence that he has headaches and that he has a twitching or blinking of one eye, particularly late in the day when the boy becomes tired, which the only physician who testified on that subject could not rule out as not having resulted from the cerebral concussion which he suffered. Defendant's expert medical witness was asked this question: "So you couldn't tell for sure whether or not any injury to the central nervous system would be observed in this boy for a period of years, could you?" To which he answered: "No, except that the child impressed me as being one that was of normal temperament. He did not appear to be a very highstrung individual and, at the time I examined him, he didn't exhibit anything suggestive of that." The trial court properly instructed the jury that it was limited to such future pain, suffering, and disability which the evidence shows with reasonable certainty that plaintiff would suffer in the future. We are of the opinion that the evidence warranted the trial court in giving its instruction No. 10.

Complaint is made of the failure of the trial court to give defendant's requested instruction No. 5 which stated: "If motorist entering intersection fails to see automobile which is favored over him under the rules of the road, he is guilty of negligence sufficient to bar recovery as a matter of law." The foregoing requested instruction has no application in the present case. Plaintiff was a guest in the Eden car and the negligence of its driver did not bar a recovery by the plaintiff. The issue in the case was whether or not the defendant was guilty of any negligence which, together with the negligence of plaintiff's host, combined to produce plaintiff's injury. The trial court was therefore correct in refus-

ing to give defendant's tendered instruction No. 5. Campbell v. Slater, *supra*.

As to defendant's claim of error in refusing to give his requested instruction No. 6, dealing with the subject of contributory negligence as it applied to the driver of the Eden car, the instruction was properly refused for the same basic reason as that given in approving the trial court's refusal to give instruction No. 5.

Complaint is made of the refusal of the trial court to give defendant's requested instruction No. 7. The effect of this tendered instruction was to advise the jury that, as defendant suffered a complete loss of memory as a result of the injuries which he sustained in the accident, a presumption existed that defendant was free from negligence, and that such presumption is rebuttable and disappears if there is credible evidence in the case reasonably tending to rebut and overcome it. There was evidence in the case tending to show negligence on the part of defendant which was not disputed. This being true, the presumption disappears, and it was not prejudicial error for the court to refuse to give the instruction.

Defendant complains that he was unduly restricted in his cross-examination of the witness Mark Eden. The trial court permitted defendant to show the interest of the witness, in that he had a suit pending growing out of the same accident. The trial court refused to permit him to show the nature of the injuries for which he had sued, or the amount of damages claimed. We think the trial court was correct in its ruling. Defendant clearly had the right to show the interest of the witness as affecting his credibility, but defendant's right of cross-examination does not extend to an examination into the issues of that case or to the amount sought as damages. Such matters were foreign to the issues in the case being tried and the trial court did not abuse its discretion in limiting the cross-

examination as it did. Rakes v. State, 158 Neb. 55, 62 N. W. 2d 273.

Lastly, the defendant urges that the verdict and judgment were excessive. The evidence shows that plaintiff was taken to a hospital immediately following the accident, where he was confined for a period of 10 days. He was unconscious for approximately 36 hours. He suffered a fracture of both collarbones, which required a period of from 6 to 8 weeks to heal. He was required to wear a clavicle splint for both fractures for about a month, which caused irritation and pain. He had multiple cuts, bruises, and scratches on his head. He has a small scar over his right eye and another that was posterior to the right ear, which are permanent. The latter injury did not heal properly and a cauterization of the granulated tissue was subsequently required. There is evidence that plaintiff suffered a severe cerebral concussion of the brain and that pain, suffering, and disability could normally first manifest itself within a period of years after the accident. There is evidence that plaintiff had an abnormal blinking or twitching of one eye, which the medical witnesses could not rule out as not being caused by the concussion. The evidence shows that plaintiff not only might show manifestations of damage to his nervous system for a period of years in the future, but there was evidence that he in fact was manifesting such damage at the time of the trial. After considering all the evidence on the subject in the record, we conclude that the verdict and judgment were not so excessive as to require a reversal of the case.

The controlling rule is: In an action for damages, where the law furnishes no legal rule for measuring them, the amount to be awarded rests largely in the sound discretion of the jury, and courts are reluctant to interfere with a verdict so rendered. A verdict may be set aside as excessive by this court only when it is so clearly exorbitant as to indicate that it was the result of passion, prejudice, mistake, or some means not ap-

parent from the record, clearly indicating that the jury disregarded the evidence or the applicable rules of law. A verdict will not be disturbed on the ground of excessiveness unless it can be said as a matter of law, after a consideration of all the evidence, that it is exorbitant. Southwell v. DeBoer, 163 Neb. 646, 80 N. W. 2d 877; Wolfe v. Mendel, 165 Neb. 16, 84 N. W. 2d 109.

We conclude that the instructions when considered as a whole fully and fairly submitted the issues to the jury, and that the verdict returned is supported by sufficient evidence. Finding no prejudicial error in the record, the judgment of the district court is affirmed.

AFFIRMED.