646 P.2d 896

Cindy GAGE, Plaintiff/Appellee,

v.

Kimberly Kay KUHLMEIER, Defendant/Appellant.

No. 2 CA–CIV 4225.

Court of Appeals of Arizona, Division 2.

June 7, 1982.

---

Aboud & Aboud, P. C. by Michael J. Aboud, Tucson, for plaintiff/appellee.

Slutes, Browning, Sakrison & Grant, P. C. by A. John Pelander, Tucson, for defendant/appellant.

## OPINION

HATHAWAY, Judge.

This appeal is from a judgment non obstante veredicto entered against the defendant in a suit arising from an automobile collision at an uncontrolled intersection.

The plaintiff, Gage, was a passenger in a Volkswagen heading west on Lester Street in Tucson. The Volkswagen collided with the defendant Kuhlmeier's Datsun, which was traveling north on Third Avenue. The accident occurred at about 10 p. m. at an intersection which is not controlled by signs or lights. Kuhlmeier and her passenger testified that their Datsun came to a complete stop at the intersection. They both looked to the left and right, saw nothing, and then Kuhlmeier drove into the intersection. Before reaching the middle of the intersection, they saw the Volkswagen's headlights. Kuhlmeier stopped the car. The driver of the VW saw the Datsun's headlights and tried to swerve and brake, but the cars collided. Kuhlmeier's Datsun was travelling at no more than 10 m. p. h. The VW was going 25 m. p. h.

Gage settled her claims against the driver of the automobile in which she was a passenger. She proceeded to trial against Kuhlmeier. The jury returned a verdict in favor of the defendant but the trial court entered a judgment n. o. v. imposing liability and ordering a new trial on the issue of damages.

A judgment n. o. v. is proper only when evidence or reasonable inferences from the evidence cannot support the verdict. *Times Mirror Co. v. Sisk*, 122 Ariz. 174, 593 P.2d 924 (App.1978). The evidence must be viewed in a light most favorable to upholding the jury's verdict. *Id.; see* 16 A.R.S., Rules of Civil Procedure, Rule 50(b).

The trial court found Kuhlmeier negligent per se for violating A.R.S. § 28–771(A), which states in part:

"When two vehicles enter or approach an intersection from different streets or highways at approximately the same time the driver of the vehicle on the left shall yield the right of way to the vehicle on the right."

The test for determining if two vehicles are approaching an intersection "at approximately the same time" is whether there is an imminent danger of collision if each vehicle maintains its established course and speed. *Knudsen v. Arendt*, 79 N.D. 316, 56 N.W.2d 340 (1952); also, *see Nagel v. Hammond*, 90 Idaho 96, 408 P.2d 468 (1965); *Cappel v. Riener*, 167 Neb. 375, 93 N.W.2d 36 (1958); *Eden v. Klaas*, 166 Neb. 354, 89 N.W.2d 74 (1958). The question is a factual one and is, therefore, usually given to the jury. *See Lemke v. Gardner*, 65 Ariz. 303, 179 P.2d 788 (1947). There are cases, however, in which a court can state as a matter of law that the vehicles did or did not approach contemporaneously. In *Hall v. Wallace*, 59 Ariz. 503, 130 P.2d 36 (1942), for example, an empty ore truck pulled into an intersection and was struck by an automobile arriving at "a terrific speed" from the right. It was undisputed that the speeding automobile was three-fourths of a mile away from the intersection when the ore truck was only 55 feet away from it. The Arizona Supreme Court held that the driver of the ore truck was entitled to a directed verdict, because "no reasonable man could say that a car that distance away was approaching the intersection at approximately the same time as one fifty-five feet away." 59 Ariz. at 508, 130 P.2d at 38.

In the instant case, the trial court found that the VW could have been no further than 50 to 60 feet away from the intersection at the time Kuhlmeier's Datsun entered it. He concluded that no reasonable juror could say this was not "approximately the same time" and found Kuhlmeier negligent per se.

The crucial facts, the relative speed and positions of the vehicles, were not in dispute. (The trial court used incorrect data to find that the VW was 60 feet away. Using the correct data from the evidence, however, would have resulted in the conclusion that it was even closer.) We have no difficulty in holding as a matter of law on these facts that Kuhlmeier had a duty to yield the right of way.

Affirmed.

HOWARD, C. J., and BIRDSALL, J., concur.